## William Kirby v. State of Mississippi.

Judge. *Disqualification. Code* 1892, § 919. *Criminal law. District attorney.*
　　That the presiding judge had been the district attorney, and drew
　　the statutory indictment for murder upon which the defendant was
　　tried, did not disqualify him from presiding in the case, without
　　defendant's consent, under code 1892, § 919, prohibiting a judge to
　　preside in any case " wherein he may have been of counsel."

From the circuit court of Warren county.

Hon. Patrick Henry, Judge.

Kirby, the appellant, was indicted for murder, the indictment against him being statutory in form. It was found at the December term of the court, 1899, and was drawn by the Hon. Patrick Henry, then district attorney of the circuit court district embracing Warren county. The case came on for trial

at the March term of the court, 1900. The Hon. Patrick Henry ceased to be district attorney, and was appointed judge of the circuit court between the December, 1899, and the March, 1900, terms of the court. The defendant objected to Judge Henry presiding in the case, but the objection was overruled. The defendant having been tried, Judge Henry presiding, and convicted, appealed to the supreme court.

*W. B. Ricks*, for appellant.

The appellant objected to the honorable Patrick Henry as judge in this case on the ground that he had acted as counsel for the state, having drawn the indictment on which the appellant was tried. This objection was overruled and exception reserved. The appellant bases his contention upon this point on section 919 of the code of 1892: "The judge of a court shall not preside on the trial of any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity, or wherein he may have been of counsel, except by the consent of the judge and of the parties."

The clause, "wherein he may have been of counsel," is certainly broad enough to cover the present case, and yet not so broad as to leave its meaning obscure. Owing, no doubt, to the clearness of the above statute and its utter lack of ambiguity, it has not been brought before our supreme court for interpretation. The only case in our reports which bears in any way upon this subject is *Thomas* v. *State*, 5 How. (Miss.), 20, which seems at first blush to be against us on this point, but further consideration will convince the court that this case has no application whatever, and that it is no longer a correct statement of the law of this state. In the first place, it simply decides that one who has formerly been counsel for the state is not precluded from sitting after trial and verdict and from "pronouncing the mere judgment of the law." This was merely a ministerial act, requiring the exercise of little or no judgment or discretion. There was no danger there of a prej-

udice to the defendant's rights, because he had already been found guilty. Again, this decision was based upon an old statute, passed in 1822, which was still in operation in 1840, when this opinion was delivered.

In discussing the qualification of a judge, Justice Trotter said: "It is very clear that it was a question of discretion, which belonged to him and for the exercise of which his course is not the subject of review in this court."

This, at that time, was quite true, because the statute of 1822 gave him that discretion. That statute means that, when a judge.thinks he is unfit, he shall make known his unfitness and unwillingness.to serve. Who but the judge himself is to say whether it is fit for him to try the case or whether he is willing to try it?

The question of the qualifications of a judge has arisen in other states, however, under statutes similar to our own. *Terry* v. *State*, 24 S. W. Rep. (Texas), 510, is an apt authority for our contention.

When a district attorney draws an indictmont he not only has laid himself liable to prejudice against the accused by hearing the evidence against him, but he has committed himself to the proposition which he is under an official duty to establish, that the accused is guilty as charged in the indictment. *Wilkes* v. *State*, 11 S. W. (Texas), 415; *Johnson* v. *State*, 16 S. W., 419, s.c. 29 Texas App., 526; *People* v. *Suffolk Common Pleas*, 18 Wend., 550; *State* v. *Hocker*, 15 So. Rep., 581; *Tampa Street Ry. Co.* v. *Tampa Suburban Ry. Co.*, 11 So. Rep., 908, s.c. 30 Fla., 400; *Whicher* v. *Whicher*, 11 N. H., 348; *Moses* v. *Julian*, 84 Am. Dec., 114.

*Monroe McClurg*, attorney-general, for the state.

Under our system of criminal procedure, indictments are found by the grand jury in secret session, into which the district attorneys may not lawfully intrude. The district attorney is presumed not to be with the grand jury unless required by

them for the purpose of giving necessary legal information touching a case, in order that the same may be legally presented. Code of 1892, § 1556.

The law does not even require him to draw or sign the bill of indictment. Hence a presumption that he heard the testimony of the witnesses before the grand jury has no foundation in law, nor was it shown to be a fact in this case.

In performing the mere function of putting the charge preferred by the grand jury in legal form, without having heard the testimony on which the charge was based, and filling the high office of the representative of the state generally, the district attorney does not forget that the law presumes the defendant innocent, and he must, at least in legal contemplation, believe him innocent and be biased, as the law is, in his favor until the contrary is shown by the testimony, or the want of it, beyond all reasonable doubt.

CALHOON, J., delivered the opinion of the court.

This case is presented for appellant with marked ability by counsel appointed by the court, who deserves all credit for his unremunerated services and laborious and intelligent research, on account of which we regret we cannot concur with him. The accused had every possible point made for him in the court below and here. Code 1892, § 919, prohibits a judge to preside where he is of kin to any party to the cause, or interested in it, or ''wherein he may have been of counsel.'' Does the word ''counsel'' include a district attorney who has had no further interest in the case than simply to draw the statutory indictment? This is the only question in this record worthy of consideration or insisted on. A district attorney need not be, and ought never to be, in the grand jury room, unless invited to be there by the grand jury for information ''in a case in order that the same may be presented in the manner required by law.'' Code 1892, § 1556. He need not draw or even sign an indictment. *Keithler* v. *State*, 10 Smed. & M., 192.

If it is duly presented in open court and marked "Filed" by the clerk, it is enough. We have no such statute as that of Texas, the decision under which is relied on by appellant. With us the district attorney "appears and prosecutes for the state" when there is arrest made and proceedings commenced under the indictment. Because one may be the general counsel for the state or a private person cannot disqualify him from presiding in a case in which he was not actually of counsel, did not advise, and was ignorant of the facts, as we must presume in the case at bar. If it had been shown that the judge, as district attorney, had heard the facts and advised and drawn the bill, a very different case would be before us.

The record shows a deliberate murder for robbery, and no error is found in it, after the most careful examination. Execution of the sentence is set for Saturday, January 5, 1901, between 11 o'clock A.M. and 4 o'clock P.M., in the manner and at the place as prescribed by law.

*Affirmed.*