GANDÍA, PLAINTIFF AND APPELLEE, *v.* STUBBE, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan in an Action
for Nullity of Contract.

No. 2284.—Decided March 10, 1921.

CHANGE OF VENUE — DISQUALIFICATION OF JUDGE. — A judge who while district attorney filed an information against a person who is defendant in a civil action involving the same facts that gave rise to the criminal prosecution, is not forbidden by section 23 of the Code of Civil Procedure to act as judge in the said civil action, and that fact is not sufficient to justify the transfer of the case to another court.

The facts are stated in the opinion.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the appellant.

*Mr. José de Guzmán Benítez* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Pedro Gandía brought an action in the District Court of San Juan, Section 1, against Johann D. Stubbe for the annulment of a contract. The defendant answered and thereafter moved for the transfer of the case to the District Court of Arecibo or Humacao, because the judge of the San Juan court was disqualified to sit in the case. The reason for the disqualification of the judge was that while holding the position of district attorney he had filed various informations against the defendant on the same facts involved in this civil action and had conducted the trial on one of these informations against Arturo Trías, at which trial defendant Stubbe introduced the evidence on which he relied for his defense. The motion for change of venue was overruled and the defendant appealed to this court.

In accordance with section 23 of the Code of Civil Procedure, a judge can not act as such in any of the following cases: 1. In an action or proceeding to which he is a party, or in which he is interested. 2. When he is related to either party by consanguinity or affinity within the third degree. 3. When he has been attorney or counsel for either party in the action or proceeding.

It was not shown that the judge was a party, or had an interest in the action; nor that he was related to any of the parties by consanguinity or affinity within any degree; nor that he had been the attorney for any of the parties in the action.

Hence, within the letter of the law the recusation can not be sustained; but the appellant maintains that it falls within the spirit of the law because the fact that the judge acted as prosecuting attorney in the said criminal cases is equivalent to his having been the attorney for one of the parties and would necessarily create a prejudice sufficient to prevent him from acting fairly and impartially in this action.

We have examined the jurisprudence and have been unable to find a case exactly equal to the present one. Those which are similar to it refer to criminal prosecutions. 15 Ruling Case Law, 535, states the rule as follows:

"The fact that the presiding judge was district attorney, and as such drew the indictment on which the defendant was tried, does not disqualify him from presiding in the case, under a statute prohibiting a judge to preside in any case wherein he may have been of counsel."

The case cited in support of this rule is *Kirby* v. *State*, 78 Miss. 175, 28 So., 846. We have consulted that case and although the jurisprudence was well summarized, in justice to the appellant we should say that the opinion contains a paragraph reading as follows:

"If it had been shown that the judge, as district attorney, had heard the facts, and advised and drawn the bill, a very different case would be before us."

We quote from 23 Cyc. 587, as follows: "A judge who while prosecuting attorney actively participated in the preparation of a criminal case is disqualified to try it." Citing the cases of *Mathis* v. *State*, 3 Heisk. (Tenn.) 109, and *Terry* v. *State* (Tex. Cr. App. 1893) 24 S. W. 510.

The Texas case applies the statute in force in that State expressly providing that "no judge shall sit in any cause where he has been of counsel for the state or the accused." Texas Code of Criminal Procedure, 569.

In the Tennessee case the court said:

"It appears from the record, that the indictment was signed by James E. Rice, Attorney General, and that he presided as judge on the trial of the cause. This is assigned as error, and we think, correctly. The Constitution, Article 6, s. 11, provides, that no judge shall preside in any cause of which he may have been of counsel; and section 3913 of the Code, contains a similar provision. We are unable to discover any reason for prohibiting a judge from presiding in a civil cause in which he may have been of counsel, which does

not apply on the trial of a criminal cause. The Constitution makes no distinction, and we are not authorized to make any.'' *Mathis* v. *State, supra.*

Comparing the information with the complaint, there is no doubt that the same facts are involved, but we can not hold that the case of a district attorney is the same as that of an attorney for one of the parties. The relations between an attorney and his client are intimate and confidential and generally involve a pecuniary interest. Those of a district attorney have no such character. He does not accuse through hatred or favor of any of the parties, but in compliance with the law and for the welfare of the community. The district attorney receives his remuneration from the people through the government.

The aspect of the question that creates doubt is that of the prejudice which, in the examination of the evidence for the prosecution when acting as district attorney in order to draw the informations, the judge may have come to entertain in connection with the conduct of the defendant in this case. However, this is a question of conscience and it was for the judge himself to decide whether, notwithstanding his former position, his mind was free from prejudice and open to consider and weigh the allegations and defenses of the defendant with entire impartiality.

It is to be presumed that a man who has been exalted to the position of judge possesses those qualities of moral integrity without which it would be impossible to fulfil his mission properly or to inspire confidence, and when a man in that situation affirms, as the judge has done in this case, that he is in a perfect position to administer justice, in the absence of an express mandate of the law, or of evidence to the contrary, the appellate court would not be justified in reversing his decision.

If a man has the true temperament of a judge and in circumstances like those of this case assumes the grave re-

sponsibility of continuing to act in the case, we should presume that perhaps he will be even more scrupulous than in ordinary cases in considering and weighing the questions which affect the party who expressed doubts as to his independence of judgment.

We think it well to cite the opinion of this court in the case of *Laíno v. Blondet et al.*, 27 P. R. R. 321. In that case this court reversed the order of the trial court allowing a change of venue and in the course of the opinion delivered by Mr. Justice Wolf said:

"The prejudice to be alleged must be personal to the judge and should be demonstrated either by evidence tending to show a personal hostility or by such arbitrary decisions and rulings that a prejudice is a necessary deduction; but no mere rulings, however erroneous, could show prejudice.

"There would be no prejudice shown even if the court had formed an opinion that Laíno did not have a weapon in his hand at the time of the hostilities, which appeared to be the foundation of the cause of action before us. Such an opinion could yield to the proof, as in the case of a juryman. Even if from the facts of a case that were actually, however, submitted to a jury (the proceeding being for assault and battery with intent to commit manslaughter and decided against one of appellees), the judge had formed a fixed opinion, such fixed opinion would not be prejudice and the judge would still be presumed to try the case according to the proof presented. * * *

"The case was within the jurisdiction of the District Court of Guayama. The right of a court to transfer a cause is not personal to the judge, but if the suit is properly begun or submitted the parties acquire rights to have the case heard in the court where the action is pending, unless a showing is made that invokes the power of the court to transfer the cause. Sections 79 and 81 of the Code of Civil Procedure show this right of trial. If a court should transfer a cause without any showing of facts, either of the parties would be entitled to a reversal of the action. There could be no presumption of prejudice or of the existence of any other fact authorizing the transfer. *De non apparentibus et de non existentibus eadem est ratio.* There was no showing of prejudice and the power of the court to transfer was never properly invoked."

By reason of all the foregoing the appeal should be dis-
missed and the order appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and
Hutchison concurred.