GANDÍA, DEMANDANTE Y APELADO, *v.* STUBBE, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad de contrato. (Traslado de causa.)

No. 2284.—Resuelto en marzo 10, 1921.

TRASLADO DEL CASO—CORTES—JUECES—INHIBICIONES DE LOS JUECES—CAPACIDAD DEL JUEZ.—Un juez que mientras era fiscal formuló acusación contra una persona que es la parte demandada en un pleito en el cual los hechos que motivan la acción civil son los mismos que motivaron la criminal, no está impedido por el artículo 23 del Código de Enjuiciamiento Civil de actuar como juez en dicho pleito y tal circunstancia no es suficiente para el traslado del pleito a otra corte.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. C. Coll Cuchí y G. Cruzado Silva.*

Abogado del apelado: *Sr. José de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Pedro Gandía entabló una demanda en la Corte de Distrito de San Juan, Sección Primera, contra Johann D. Stubbe, sobre nulidad de contrato. El demandado contestó. Luego solicitó el traslado del pleito a la Corte de Distrito de Arecibo o a la de Humacao, porque el juez de dicha sección primera estaba impedido de actuar en el litigio. La razón de dicho impedimento consistía en haber formulado el juez como fiscal del distrito varias acusaciones contra el demandado por los mismos hechos envueltos en el pleito de nulidad y haber sostenido en juicio una de dichas acusaciones, la formulada contra Arturo Trías, en cuya vista el demandado Stubbe presentó la prueba con que contaba para su defensa. La moción de traslado fué negada y el demandado apeló para ante este tribunal.

De acuerdo con la ley vigente en Puerto Rico, artículo 23 del Código de Enjuiciamiento Civil, un juez no puede actuar como tal en ninguno de los casos que siguen: (1) en un pleito o procedimiento en que sea parte o en que estuviere interesado, (2) cuando estuviere ligado a alguna de las partes con parentesco de consanguinidad o afinidad dentro del tercer grado, y (3) cuando hubiere sido abogado o consultor de cualquiera de las partes en el pleito o procedimiento.

No se demostró que el juez fuera parte, ni que estuviera interesado en el pleito; tampoco que estuviera ligado con alguna de las partes con parentesco de consanguinidad o afinidad en grado alguno, ni que hubiera sido abogado o consultor de cualquiera de las partes en el pleito.

Dentro de la letra de la ley, no cabe, pues, la impugnación, pero el apelante sostiene que cabe dentro de su espíritu, porque equivale a haber sido el abogado de una de

las partes, el hecho de haber actuado como fiscal en los casos criminales indicados, circunstancia que necesariamente tiene que crear en el juez un prejuicio que le impedía actuar de un modo justo e imparcial en el litigio.

Hemos examinado la jurisprudencia y no hemos encontrado ningún caso enteramente igual al presente. Aquellos que tienen relación con él, se refieren a causas criminales. R. C. L., Vol. 15, página 535, resume esa jurisprudencia así:

"El hecho de que el juez presidente fuera fiscal, y como tal hubiera formulado la acusación por la cual se juzga al reo, no le impide presidir el juicio, bajo la regla de un estatuto que prohiba a un juez presidir cuando hubiere sido el abogado."

El caso que se cita para sostener esa doctrina es el de *Kirby* v. *State,* 78 Miss. 175, 28 So. 846. Hemos leído la opinión y si bien la doctrina ha sido bien resumida, en justicia al apelante debemos consignar que en dicha opinión hay un párrafo que dice:

"Si se hubiera demostrado que el juez, como fiscal, había oído los hechos, y hubiera recomendado y redactado la acusación, un caso muy diferente estaría frente a nosotros."

Cyc. en su tomo 23, página 587, resume la jurisprudencia así:

"Un juez que mientras fué fiscal tomó participación activa en la preparación de una causa criminal, está impedido de juzgarla."

Y cita en apoyo de esa doctrina los casos de *Mathis* v. *State,* 3 Heisk (Tenn.) 109, y *Terry* v. *State,* (Tex. Cr. App. 1893), 24 S. W. 510.

El caso de Texas aplica el estatuto vigente en dicho Estado que expresamente dispone que "ningún juez podrá conocer de causa alguna en la que hubiere sido abogado del Estado o del acusado." Artículo 569 del Código de Enjuiciamiento Criminal.

En el caso de Tennessee la corte dijo:

"Aparece del record que la acusación fué firmada por James E. Rice, Attorney General, y que él presidió como juez el juicio de la causa. Este es uno de los errores asignados, y que nosotros creemos correctamente. La .Constitución, art. 6, s. 11, dispone que ningún juez presidirá en ninguna causa en la cual hubiere sido abogado, y la sección 3913 del código contiene una disposición similar. No podemos encontrar razón alguna para prohibir a un juez que presida un pleito civil en el cual haya sido abogado, que no deba aplicarse al juicio de una causa criminal. La Constitución no hace distinción, y nosotros no estamos autorizados para hacerla." *Mathis* v. *State, supra.*

Comparadas las acusaciones con la demanda no hay duda alguna que se trata de los mismos hechos, pero no creemos que pueda sostenerse que el caso del fiscal sea igual al del abogado. Las relaciones entre el abogado y su cliente son íntimas y estrechas y en ellas está envuelto generalmente un interés pecuniario. Las del fiscal no tienen tal carácter. Acusa no por odio o favor a ninguna de las partes, sino en cumplimiento de la ley y en bien de la comunidad. El fiscal recibe su remuneración del pueblo, por medio de su gobierno.

El aspecto de la cuestión que nos hace dudar es el del prejuicio que a virtud del examen de la prueba de cargo que lo llevó cuando actuaba como fiscal, a formular las acusaciones, hubiera podido formar el juez en relación con la conducta del demandado en este pleito. Sin embargo, esta es una cuestión de conciencia y era para el juez mismo decidir si no obstante su primera actuación, su mente estaba libre de prejuicio y abierta para considerar y pesar las alegaciones y defensas del demandado con entera imparcialidad.

Se presume que un hombre que ha sido elevado a la posición de juez, reune aquellas cualidades de entereza moral, sin las cuales es imposible cumplir debidamente su misión, ni inspirar confianza, y cuando un hombre así afirma, como ha afirmado el juez en este caso, que está en perfectas con-

diciones de administrar justicia, en ausencia de un mandato expreso de la ley o de prueba en contrario, el tribunal de apelación no estaría justificado en revocar su decisión.

Si se trata de un hombre que tenga el verdadero temple de un juez, que en circunstancias iguales a las de este pleito asuma la grave responsabilidad de seguir actuando en el mismo, debemos presumir que será tal vez aún más escrupuloso que en los casos corrientes al considerar y pesar las cuestiones que afecten a la parte que expresó sus dudas con respecto a su libertad de criterio.

Creemos conveniente citar la opinión de esta corte en el caso de *Laíno* v. *Blondet et al.*, 27 D. P. R. 346. Esta corte revocó la orden del tribunal inferior decretando el traslado, y en el curso de la opinión, emitida por el Juez Asociado Sr. Wolf, se expresó así:

"El prejuicio que ha de alegarse tiene que ser personal del juez y debe demostrarse, ya mediante prueba tendente a mostrar una hostilidad personal, o por tales decisiones y órdenes arbitrarias, de las que se infiera necesariamente el prejuicio; pero no podían las meras resoluciones, por erróneas que fueran, demostrar prejuicio.

"No se demostraría prejuicio aun cuando la corte hubiera formado la opinión de que Laíno no tenía un arma en su mano cuando ocurrieron las hostilidades, las que parecen ser el fundamento de la causa de acción sometida a nuestra consideración. Tal opinión podía ceder a la prueba, como ocurre en el caso de un jurado. Sin embargo, aun cuando de los hechos de un caso que fueron realmente sometidos a un jurado (siendo los procedimientos por acometimiento y agresión con intención de cometer homicidio resueltos contra uno de los apelados) hubiera tenido el juez una opinión determinada, tal opinión no constituiría prejuicio y se presumiría, todavía, que el juez celebra la causa de acuerdo con la prueba presentada.

"El caso estaba dentro de la jurisdicción de la Corte de Distrito de Guayama. El derecho de una corte para trasladar una causa no es personal en el juez; pero si el pleito se comienza o somete debidamente, las partes adquieren derechos a que el caso sea oído en la corte en que la acción está pendiente, a menos que se justifique la razón que existe para invocar la facultad que tiene la corte para trasladar la causa. Los artículos 79 y 81 del Código de Enjuiciamiento Civil

establecen este derecho a la celebración del juicio. Si una corte tras-
ladara una causa sin mostrársele hechos que justifiquen dicho traslado,
cualquiera de las partes tendría derecho a que se revocara su acción.
No podía existir presunción de prejuicio o de cualquier otro hecho
que autorice el traslado. *De non apparentibus et non existentibus*
*eadem est ratio.* No hubo demostración alguna de prejuicio y la fa-
cultad de la corte para verificar el traslado nunca fué invocada debi-
damente.''

Por virtud de todo lo expuesto, debe declararse sin lugar
el recurso y confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, Aldrey y Hutchison.