RATCLIFF v. STATE.

(In Banc. Dec. 11, 1944. Suggestion of Error Overruled Dec. 22, 1944.)

[20 So. (2d) 69. No. 35670.]

W. F. Latham, of Quitman, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

Argued orally by **W. F. Latham**, for appellant, and by **R. O. Arrington**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellant was indicted upon a charge of murder and convicted of manslaughter. The only assignment of error argued is the disqualification of the trial juror Roberts as having been a member of the indicting grand jury.

This disqualification was made the basis of a motion for a new trial, but the motion does not allege that the defendant and her counsel did not know of the situation, and is not supported by affidavit of either. Such affidavit and allegation were necessary properly to raise the point. Cooper v. State, 194 Miss. 592, 11 So. (2d) 207.

However, the trial judge proceeded to hear testimony on this issue. The defendant did not testify. The circuit clerk testified that the juror Roberts was a member of both the indicting grand jury and the trial jury; that defendant's counsel before the trial of the case requested of him the grand jury records indicating a certain term, the date of which he did not recall. The deputy clerk testified that the attorney on the day of the trial requested and examined the grand jury lists for the term at which appellant was indicted. The attorney himself testified that "it was his recollection" that he made such requests but for another grand jury list; that he had

records of all grand jurors for previous years including the one in question, but "had not thought or consulted that record until yesterday morning"; and that he had a wide acquaintance all over the county.

The trial judge was therefore justified in resolving the issue adversely to appellant, especially since the defendant neither testified thereon nor made affidavit. In the solution of the question, it was not necessary for the judge to discredit the testimony of the attorney but was warranted in imputing to him a knowledge both of the propriety of and the available means for investigation. That a special venire had been awarded heightened the responsibility and enlarged the opportunity of counsel to inform himself. That his ignorance of the juror's identity persisted past the voir dire examination and escaped the admitted practice of scanning such jury lists, must have been taken into account by the trial judge in charging him with the responsibility which the deputy clerk directly testified he had assumed.

Affirmed.