SMITH *v.* STATE.

Division B. Nov. 12, 1951.

No. 38179 (54 So. (2d) 739)

R. C. Russell, E. L. & W. W. Dent, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Ethridge, C.**

On March 21, 1939, appellant, Vardaman Smith, in the Circuit Court of Simpson County, Mississippi, pleaded guilty to the charges in three indictments of unlawful possession of intoxicating liquor, and received respective penalties of a $500 fine, and two ninety-day jail sentences. The fine and sentences were "suspended pending good behavior of the defendant. * * * Said sentence to be enforced at the pleasure of the court." The record reflects that the Hon. Homer Currie was at that time the district attorney for the State of Mississippi in that, the thirteenth judicial district and for Simpson County. On March 14, 1951, the present district attorney for that district, Hon. Joe A. McFarland, Jr., filed a petition with the Circuit Court of Simpson County. It pointed out to the court that appellant had in 1939 been convicted and sentenced, and that execution of his sentences had been suspended, dependent upon appellant's good behavior. It charged that appellant was engaged in the illegal sale and possession of liquor and that he operated two "joints" in which such activities took place and at which various crimes of violence had occurred recently. The petitioner requested that the suspension of execution of these sentences be revoked by the court. A hearing was had in March, 1951, before the circuit judge of that district, the Hon. Homer Currie. The court found that appellant had violated the conditions of the suspension of execution of his sentences, and had been guilty of bad conduct and misbehavior, and therefore, the court revoked in part the suspended sentences. From that judgment Vardaman Smith appeals.

Appellant first argues that the circuit court had no power to revoke the suspension of execution of his

sentences and to require him to meet the penalties thereof, after the lapse of twelve years from the date of the judgment imposing the penalties and suspending them. Appellant says that the court in 1951 had lost jurisdiction and had no power to amend the 1939 judgment, because the period of suspension could not exceed the maximum period for which accused could be imprisoned, or in the alternative, because the 1939 judgment could not be enforced after seven years from the date of its rendition, under Miss. Code 1942, Sec. 733. Assuming but not deciding that Sec. 733 is applicable to a criminal judgment, we do not think that the court had lost jurisdiction and control over the conditions established in the 1939 judgment. The duration of the suspension period is determined by Code Sections 2541-2543. Sec. 2541 states: ''The circuit courts * * * in misdemeanor cases, are hereby authorized to suspend a sentence, and to suspend the execution of a sentence, or any part thereof, on such terms as may be imposed by the judge of the court.''

Section 2543 provides that whenever an offender has violated the conditions of a suspended sentence, the court is ''authorized to annul and vacate such suspended sentence * * * and such convicted offender shall thereafter be subject to arrest and court sentence service, as if no suspended sentence * * * had been granted, and for the full term of the original sentence that has not been served''. See 24 C. J. S., Criminal Law, Sec. 1618, pages 185-195, 187-190. Under this type of statute it is usually said that the court may enforce the judgment and revoke the suspension of execution ''at any subsequent time, even after the original period of the sentence has passed.'' 15 Am. Jur., Criminal Law, Secs. 496, 492-497. This was expressly held in the recent case of Miles v. Monaghan, Sheriff, Miss. 1951, 51 So. (2d) 212, following the analogy in Crump v. Trapp, Sheriff, Miss. 1948, 36 So. (2d) 459.

The statute places no time limitation upon the power of the court to revoke a suspended sentence.

Prior to the hearing of charges of violation by appellant of conditions in the 1939 judgment, appellant challenged the qualification in this matter of the presiding circuit judge, and moved "that he recuse himself from the further trial in this cause for the reason that he was the duly elected, acting and qualified District Attorney of this court at the time when these pleas and judgments were rendered that are now undertaking (sic) to be invoked and enforced here against this defendant. And for that reason the defendant says that this Judge would be required to pass upon the judgments of which he was a party to, or entering and obtaining."

This motion was based upon the provisions of Miss. Code of 1942, Sec. 1651, which provides: "The judge of a court shall not preside on the trial of any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, or wherein he may have been of counsel, except by the consent of the judge and of the parties."

In overruling this motion the presiding judge stated that he was in fact the district attorney of that judicial district and Simpson County at the time the 1939 judgments and sentences were rendered against appellant. He said: "The District Attorney represented the State and prosecuted all cases, but no issue was joined by the defendant with the State of Mississippi in these cases, which would have enabled the District Attorney to participate in any way except in his work with the grand jury that brought about the indictments as the law required. And pleas of guilty were entered by the defendant in each instance. The District Attorney had no opportunity to enter into the prosecution of the cases other than appearing as District Attorney in advising the grand jury as to the law, and representing the State of Mississippi at that term of the Court. In this case as

well as other cases against persons charged with crime.''
The learned trial judge observed that he was completely
impartial about this matter.

The question is solely one of whether under
the above facts the presiding judge was disqualified by
the express provisions of Code Sec. 1651. Of course his
fairness and impartiality are unquestioned, but we are
of the opinion that under the statute the presiding judge
was disqualified from presiding on the trial of the peti-
tion to revoke the suspended sentences. The statement
of the presiding judge reflects that he worked with the
grand jury which ''brought about the indictments (of
appellant) as the law required''; and that he appeared
as district attorney ''in advising the grand jury as to
the law and representing the State of Mississippi at
that term of the court.'' The 1939 judgments show
that appellant, when originally arraigned, pleaded not
guilty, and that he later appeared before the court with
his attorney and the district attorney, withdrew his plea
of not guilty and entered one of guilty. Code Secs.
3920-3927 outline the duties of a district attorney. He
must appear in the circuit courts ''and prosecute for the
state in his district all criminal prosecutions  *  *  *.''
Code Sec. 3920. Sec. 3921 provides: ''The district at-
torney shall attend the deliberations of the grand jury
whenever he may be required by the grand jury, shall
give the necessary information as to the law governing
each case, in order that the same may be presented in
the manner required by law.''

As a practical matter, the district attorney, together
with the county attorney, do a great part of the work
in preparing cases for submission to the grand jury, and
in drafting indictments and advising the grand jury
concerning the facts and law. A fair inference from the
presiding judge's statement in overruling the motion to
recuse himself is that he performed these functions with
the grand jury when the indictments were returned
against appellant. The record does not reflect that

Simpson County had a county attorney at that time. Appellant first pleaded not guilty to the three indictments, but later appeared before the court with his attorney and the district attorney, withdrew those pleas, pleaded guilty, and received suspended sentences. Under the circumstances, we think that the presiding judge in the present proceedings to revoke the suspended sentences was "of counsel" for the State within the meaning of Code Sec. 1651.

Kirby v. State, 1900, 78 Miss. 175, 28 So. 846, does not control this case. There the presiding judge in a murder trial which resulted in the conviction of appellant had been district attorney when the indictment was returned and had drawn the statutory indictment. The court said that "A district attorney need not be, and ought never to be, in the grand-jury room unless invited to be there by the grand jury for information". However, as a practical matter, grand juries usually call and rely upon him. The court there assumed that the district attorney "did not advise, and was ignorant of the facts * * *." For those reasons, it said that the presiding judge was not disqualified. The following significant statement was then made: "If it had been shown that the judge, as district attorney, had heard the facts, and advised and drawn the bill, a very different case would be before us." The assumed facts in that opinion do not apply to the present case. See Thomas v. State, 1840, 5 How., Miss., 20. One who has been actively engaged in any way in the prosecution and conviction of one accused of crime is disqualified under Sec. 1651 from sitting as judge in a matter involving that conviction. The present facts come within that statute. 48 C. J. S., Judges, Sec. 83, pages 1067, 1064, 1070; 30 Am. Jur., Judges, Secs. 80-83 (history, development, and meaning of this ground of judicial disqualification). The fact that the present proceeding was to revoke a suspension of execution of sentences, and was therefore ancillary to the original case does not affect that result.

Appellant further argues that the conditions as to enforcement of the 1939 judgments are contradictory and that those judgments are therefore void, but there is no merit in this contention. Hence the case is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is reversed and remanded.