570 So.2d 1191 (1990)
Dwight JENKINS
v.
STATE of Mississippi.
No. 89-KA-0555.
Supreme Court of Mississippi.
November 7, 1990.
Eddie H. Bowen, Raleigh, for appellant.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Dwight Jenkins was indicted on February 3, 1989, by the Smith County Grand Jury for the stabbing and killing of Nolan Boykin. At that time, Jerry Yeager was serving as County Prosecuting Attorney for Smith County. He was hired to serve in that capacity from October 1, 1988, until January 5, 1992.
In April of 1989, Dwight Jenkins was tried in the Smith County Circuit Court. The trial was conducted before the Hon. Jerry Yeager who had been appointed by the Governor to serve as Special Judge for the March and April 1989 terms of the Smith County Circuit Court when Judge Luther Pittman became ill.
At the beginning of Jenkins' trial, he objected to Judge Yeager sitting as the judge for his trial since at the time of his indictment, Judge Yeager was the prosecuting attorney. Jenkins moved for a continuance until such time as Judge Pittman would return to preside. Judge Yeager refused the continuance saying that he did not remember having seen Jenkins before nor being involved in any preliminary hearings or Grand Jury proceedings.
At the close of the trial, the jury convicted Jenkins of manslaughter. Judge Yeager sentenced Jenkins to fifteen (15) years in the Mississippi State Penitentiary under the supervision of the Department of Corrections. From that ruling, Jenkins appeals assigning as error the fact that the Hon. Jerry Yeager sat as Special Circuit Court Judge in the Smith County Circuit Court during the trial of Jenkins while he was also the Prosecuting Attorney for Smith County.
*1192 In Mississippi, disqualification of a judge is both constitutional and statutory. Section 165 of the Mississippi Constitution of 1890 requires a judge to disqualify himself "where the parties or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties." Mississippi Code, in addition to requiring disqualification for relation of the judge by affinity or consanguinity, requires disqualification where the judge may have been of counsel. Miss. Code Ann. § 9-1-11 (1972).
Canon 3 C of the Code of Judicial Conduct also pertains to the disqualification of a judge. It requires disqualification under the following conditions:
(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; [or]
(b) he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it[.]
When the conduct of a judge is being examined according to the dictates of a canon of the Code of Judicial Conduct, "the Canon enjoys the status of law such that we enforce it rigorously, notwithstanding the lack of a litigant's specific demand." Collins v. Dixie Transport, Inc., 543 So.2d 160, 166 (Miss. 1989).
This Court has adopted an objective test to determine if a judge should have disqualified him or herself under Canon 3 C. "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Rutland v. Pridgen, 493 So.2d 952, 954 (Miss. 1986). See also, In Re Moffett, 556 So.2d 723, 725 (Miss. 1990), and Jenkins v. Forrest County General Hospital, 542 So.2d 1180, 1181 (Miss. 1988).
The situation in the case sub judice is analogous to that of a juror who has served on the grand jury which indicted the defendant and subsequently serves on the petit jury for the same defendant. Such was the situation in Hood v. State, 523 So.2d 302 (Miss. 1988).
In Hood, this Court noted that there was only one previously reported case in Mississippi dealing with this issue. That case was Ratcliff v. State, 197 Miss. 289, 20 So.2d 69 (1944). There, a juror served on both juries for a defendant convicted of manslaughter. The Court held that though "[t]his disqualification was made the basis of a motion for a new trial," the fact that the motion failed to mention that the defendant or his attorney did not know of the situation constituted a waiver. Id. at 292, 20 So.2d at 69.
The situation in Hood differed somewhat from that in Ratcliff in that neither side was aware of the fact that the juror had sat on both juries. This Court stated,
The general rule is supported in Am.Jur.2d, Jury, § 312, as follows: "As a general rule, the grand jury which found the indictment against an accused, and each of the jurors, is disqualified from sitting on the petit jury to try the accused." That text further provides that as a general rule an objection should be made before the juror is sworn "although it has been held that the objection may be taken advantage of after the juror has been sworn and if not after the verdict has been rendered, provided the defendant was not guilty of negligence in taking advantage of his right to challenge."

* * * * * *
We do not think it right and now condemn any practice whereby the accuser may also be the trier of fact. (Emphasis added)
Hood at 311.
As in the case of a grand juror subsequently sitting on the petit jury for a defendant he or she indicted, Judge Yeager who was serving as prosecutor at the time *1193 of defendant's indictment acted as both accuser and the trier of fact. This is the very practice that we condemned in Hood. Jenkins properly objected to the presence of Judge Yeager at the beginning of the trial. At that point, Judge Yeager should have granted the continuance or recused himself.
Under the objective test this Court has adopted to determine if a judge should have disqualified him or herself, a reasonable person knowing that Judge Yeager acted as prosecutor during the indictment of Jenkins would certainly question his impartiality. The very functions involved in the performance of the two positions are contradictory and no person can be considered to be impartial while that person is also acting as a partisan.
Jenkins has been denied due process as required by Mississippi Constitution Article 3, § 14 which includes a fair and impartial trial. See Hudson v. Taleff, 546 So.2d 359 (Miss. 1989), and Frazier v. State, 289 So.2d 690 (Miss. 1974). For that reason, we would reverse and remand for a new trial.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON and BLASS, JJ., concur.
PITTMAN, J., not participating.