929 So.2d 952 (2005)
Nathaniel BRENT a/k/a Nathaniel T. Brent, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02607-COA.
Court of Appeals of Mississippi.
October 4, 2005.
Rehearing Denied February 21, 2006.
*953 Thomas M. Fortner, Jackson, Alice Theresa Stamps, Lynn Watkins, attorneys for appellant.
*954 Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, C.J., MYERS and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Nathaniel Brent was convicted of cocaine possession after jury trial in Hinds County Circuit and Circuit Court Judge Bobby DeLaughter sentenced Brent as a habitual offender to life without the possibility of parole in the custody of the Mississippi Department of Corrections. Brent now appeals his conviction. Finding error, affirm in part and reverse and remand in part.

FACTS
¶ 2. Nathaniel Brent was arrested as the result of a search warrant issued on January 16, 2001 by then County Court Judge Bobby DeLaughter and executed in the early morning hours of January 17, 2001. Sheriff's deputies arrested Brent and later testified that he put a plastic bag in his mouth as the officers approached him. Officer Stacy Thomas placed his thumb under Brent's jaw, forcing him to spit out the bag. Analysis of the substance in the bag by the Mississippi Crime Laboratory determined that the substance in the bag contained 1.16 grams of cocaine. Brent was indicted for cocaine possession and tried on September 29-30, 2003. The jury returned a verdict of guilty on September 30 and Brent was sentenced as a habitual offender pursuant to Mississippi Code. Annotated § 99-19-83 (Rev.2000). Brent was sentenced to life without the possibility of parole. Aggrieved by his conviction, Brent now asserts the following errors on appeal: (1) whether the trial court erred when the trial judge denied Brent's motion for recusal; (2) whether the trial judge erred by actively assuming a role in establishing the validity of a search warrant signed by his own hand in his prior capacity as a county court judge; (3) whether the trial court erred in denying Brent's motion to learn the identity, and consideration, if any, of the confidential informant who provided the basis of the search warrant; (4) whether the trial court erred in allowing into evidence the testimony of Colonel Ed Swinney and denying Brent the opportunity of surrebuttal; and (5) whether the verdict was insufficient as a matter of law to support the conviction, or alternatively, against the overwhelming weight of the evidence.

ISSUES AND ANALYSIS

I. Whether the trial court erred by denying Brent's motion for recusal.
¶ 3. Brent argues on appeal that Judge DeLaughter committed reversible error by denying Brent's motion for DeLaughter's recusal. Canon 3(E) of the Code of Judicial Conduct states in relevant part: "[j]udges should disqualify themselves in proceedings in which their impartiality might be questioned by a reasonable person knowing all the circumstances or for other grounds provided in the Code of Judicial Conduct or as otherwise provided by law. . . ." Canon 3(E)(1) Code of Judicial Conduct. The disqualification includes situations where a judge has personal knowledge of "disputed evidentiary facts concerning the proceedings." Canon 3(E)(a). The Supreme Court of Mississippi has adopted an objective test to determine when a judge should recuse himself. McFarland v. State, 707 So.2d 166, 180(¶ 52) (Miss.1997). "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Id. (quoting Green v. State, 631 So.2d 167, 177 (Miss.1994)); see also Jenkins v. *955 State, 570 So.2d 1191, 1192 (Miss.1990) (discussing standard for judicial recusal). Furthermore, the refusal of a judge to recuse himself will be reviewed by the appellate court under the standard of abuse of discretion. Steiner v. Steiner, 788 So.2d 771, 775(¶ 9) (Miss.2001).
¶ 4. Prior to his selection as a Hinds County Circuit Court Judge, Judge Delaughter served as Hinds County Court Judge. While in his capacity as county court judge, Judge DeLaughter issued the search warrant that lead to Brent's arrest, and ultimately to the subsequent indictment that brought Brent before Judge DeLaughter in his current capacity as circuit court judge. An attack on the validity of the warrant signed by Judge DeLaughter became a major element of Brent's defense. Also of import is the fact that Judge Delaughter once served the State of Mississippi with distinction as a Hinds County Assistant District Attorney, and prosecuted Brent on a charge of aggravated assault, an offense which was used to charge Brent as a habitual offender. At trial, Judge DeLaughter stated in the record that had no personal bias or prejudice, remembered no facts concerning the proceedings, and could not even remember Brent from prior encounters.
¶ 5. In Jenkins v. State, the trial judge had been a prosecuting attorney at the time of the appellant's indictment. Jenkins, 570 So.2d at 1191. The Mississippi Supreme Court held that since the judge acted as both accuser and the trier of facts, the judge should have recused himself. Id. at 1192-93; see Hood v. State, 523 So.2d 302, 311 (Miss.1988) (condemning any practice whereby accuser may also be trier of fact).
¶ 6. In the case before us, Judge DeLaughter, in his capacity as trial court judge, was essentially asked to review whether Judge DeLaughter, in his former capacity as county court judge, had a substantial basis for concluding that there was a fair probability that contraband or evidence of crime would be found on the premises to be searched. Here, the issuing and reviewing judges are one and the same. The problem created by this scenario is patently obvious. Not only might a reasonable person harbor doubts about the impartiality of the judge in this situation, we find that any reasonable person should have such doubts. The trial judge committed manifest error in failing to recuse himself, despite his subjective pronunciations that he held no bias against Brent. According to the objective "reasonable person" test established by Mississippi precedent, we must reverse this case and remand it for trial with a new judge.

II. Whether the trial judge erred by actively assuming a role in establishing the validity of a search warrant signed by his own hand in his prior capacity as a county court judge.
¶ 7. Brent asserts in his second assignment of error that the trial judge erred by taking an active role in defending the validity of the search warrant in question. Brent asserts that Judge DeLaughter aggressively questioned detectives on behalf of the search warrant he had issued some two years earlier. Rule 614(b) of the Mississippi Rules of Evidence ("M.R.E.") provides that "[t]he court may interrogate witnesses, whether called by itself, or a party." A judge may question a witness so long as the questioning is "for the purpose of aiding the jury in understanding the testimony." United States v. Saenz, 134 F.3d 697, 702 (5th Cir.1998). The supreme court "will not hesitate to reverse where the trial judge displays partiality, becomes an advocate, or in any significant way, conveys to the jury the impression *956 that he has sided with the prosecution." Layne v. State, 542 So.2d 237, 242 (Miss. 1989) (citing West v. State, 519 So.2d 418, 422-24 (Miss.1988)).
¶ 8. A brief examination of the trial transcript reveals that Judge DeLaughter exceeded his authority by asking questions that go beyond clarifying questions as contemplated by M.R.E. 614. A portion of the examination by the court is as follows:
[By Judge DeLaughter]
Q. First of all, Investigator Spooner, at this time I don't want you to reveal the name, but as of the time that you obtained the warrant in this matter, did you know the identity of the confidential informant or was this an anonymous tip?
A. I did know the identity of the informant.
Q. Had you used this informant before?
A. Yes, sir.
Q. Had they [sic] provided information in the past that had proven to be correct?
A. Yes, sir.
Q. You had indicated earlier that on Exhibit 1, the affidavit, there is no address listed for the place to be searched. Why was that?
A.: There was no address posted on the actual residence to be searched.
Q. And did you come upon that knowledge before or after you obtained the warrant?
A. The knowledge of the actual address was after we executed the search warrant.
It is clear from this exchange, which continues for almost two full pages of transcript, that the trial court judge moved from his seat of impartiality by undertaking this line of questioning, and in essence fell into the realm of the prosecutor. As a prosecutor, Judge DeLaughter must have questioned hundreds, if not thousands of witnesses regarding the validity of search warrants in his career as an assistant district attorney. However, in his role as the circuit court judge, such questioning is forbidden. We find that allowing this line of questioning constitutes reversible error.

III. Whether the trial court erred in denying Brent's motion to learn the identity, and consideration, if any, of the confidential informant who provided the basis of the search warrant.
¶ 9. Brent next asserts that the trial court erred in denying his motion to learn the identity of the confidential informant involved in the case, and consideration, if any, given to the informant. Brent argues that it was reversible error to deny his motion to ascertain the identity of the prosecution's "star" witness. See Morgan v. State, 703 So.2d 832, 841 (Miss. 1997). We have previously stated that the identity of an informant who participated in a crime must be given to the defendant upon request. Bracey v. State, 724 So.2d 1028, 1033 (¶ 24) (Miss.Ct.App.1998). However, the Mississippi Supreme Court has stated that "an accused is not automatically entitled to disclosure of the identity of a confidential informant." Dowbak v. State, 666 So.2d 1377, 1384 (Miss.1996) (citing Middlebrook v. State, 555 So.2d 1009 (Miss.1990)). In Esparaza v. State, the Mississippi Supreme Court held that the identity of a confidential informant need not be disclosed if the informant did not witness the crime or will not be called as a witness at trial. Esparaza v. State, 595 So.2d 418, 424 (Miss.1992). The court stated that merely providing information that established probable cause to support a search warrant was not enough to require the informant's disclosure, stating "that degree of connection with the crime *957 charged constitutes too tenuous a link to justify disclosing the informant." Id.
¶ 10. In the case sub judice, prior to Brent's arrest, the confidential informant accompanied an officer to a residence for the purchase of drugs from Brent. The purchase became the later grounds for the probable cause justifying the search warrant. We find that the facts of this case fit neatly into our Esparaza precedent, as the informant at issue merely provided reliable information of Brent's location and possession of cocaine. Therefore, this issue is without merit.

IV. Whether the trial court erred in allowing into evidence the testimony of Colonel Ed Swinney and denying Brent the opportunity of surrebuttal.
¶ 11. Brent's next assertion of error is twofold. First, Brent asserts that the trial court erred in allowing the testimony of Colonel Ed Swinney to bolster the reputation of officers who had testified prior to Swinney. Swinney testified that he had known the two officers who had testified prior to him for several years, and that he had never known the men to be untruthful. Second, Brent argues that the trial court erred in disallowing Brent the opportunity for surrebuttal.
¶ 12. The admission of evidence at trial falls within the sound discretion of the trial judge. Stewart v. State, 881 So.2d 919(¶ 17) (Miss.Ct.App.2004). The decision to admit or exclude evidence will not be reversed absent an abuse of discretion. Id. Turning to the propriety of Swinney's testimony, we restate the general rule of evidence that "evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence." M.R.E. 608(a)(2).
¶ 13. At trial, the defense raised the issue of whether, according to Brent, he had been roughly handled during the raid on his premises. Brent argued at trial that the testimony of the officers at trial conflicted with his own, and likewise, that the testimony of the officers may have had discrepancies as between each other. The trial court reasoned that since either the officers or Brent were correct in this regard, that Brent's assertion that the testimony of the officers story was incorrect was necessarily an attack on the officers' veracity. The trial court was logically correct in positing that when two parties tell fundamentally opposing stories one is being untruthful. While correct in some sense, this attempt to contradict a witness's testimony is not the sort of character attack contemplated by M.R.E. 608. Simply pointing out the impossibility of one's account, or discrepancies between accounts, is not the sort of attack on a witness's character or reputation that warrants opening the door to bolstering testimony. As such, the admission of Swinney's testimony was in error, and we must reverse on this ground. Having made this determination, the issue of the trial court's disallowance of surrebuttal evidence is moot.

V. Whether the verdict was insufficient as a matter of law to support the conviction, or alternatively, against the overwhelming weight of the evidence.
¶ 14. Brent's last assignment of error alleges that the verdict was insufficient as a matter of law to support the conviction, or alternatively, against the overwhelming weight of the evidence. Due to our holdings regarding Brent's other assignments of error, and the necessity for remand of this matter, we decline to discuss this assignment of error.
*958 ¶ 15. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND LIFE SENTENCE IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.