914 So.2d 285 (2005)
Michael RYALS a/k/a Michael J. Ryals, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02761-COA.
Court of Appeals of Mississippi.
October 25, 2005.
Michael Ryals, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, Jon Mark Weathers, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Michael Ryals pled guilty to one count of conspiracy to commit murder and one count of accessory before the fact of manslaughter. He was sentenced to serve a total of thirty-two years with the Mississippi Department of Corrections. Thereafter, Ryals filed a motion for post-conviction relief. The Honorable Robert Helfrich, Forrest County Circuit Court Judge, denied the motion. On appeal, Ryals claims that (1) his plea was not knowing or voluntary, (2) he was denied a preliminary hearing, (3) Judge Helfrich should have recused, sua sponte, from the post-conviction relief motion, and (4) his trial counsel was ineffective for allowing him to plead to the accessory charge. Finding it was error for Judge Helfrich to hear the motion for post-conviction relief, we reverse and remand for further proceedings consistent with this opinion.

FACTS
¶ 2. In December of 1997, Ryals and two other people were indicted for capital murder of Judy Ryals and manslaughter of her unborn child. On November 10, 1999, Ryals entered his pleas. Present at the hearing were Ryals, his attorney, and Judge Helfrich, who was then an assistant district attorney. Circuit Judge Richard McKenzie sentenced Ryals to two separate *286 twenty year terms in prison, with four years suspended from each term.
¶ 3. In October of 2002, Ryals filed his motion for post-conviction relief. Ryals asserted only two issues, that his plea was not knowing or voluntary and that he was denied a preliminary hearing. Ryals sent a copy of the motion to Judge McKenzie. He did not rule on the motion. Later, in January of 2003, Judge Helfrich, the former prosecutor, was sworn in as the Forrest County Circuit Court Judge. On July 15, 2003, Judge Helfrich summarily dismissed the motion for post-conviction relief, pursuant to Mississippi Code Annotated Section 99-39-11(2). On appeal, Ryals brings two additional issues, ineffective assistance of counsel and that it was error for Judge Helfrich to rule on the post-conviction relief motion.

ANALYSIS
¶ 4. Ryals claims that Judge Helfrich was required to recuse himself from consideration of the motion for post-conviction relief. Ryals asserts that because Judge Helfrich acted as prosecutor in his plea hearing he should not have ruled on the motion. The State would have us hold that Ryals waived any objection by waiting to raise it on appeal. Waiver notwithstanding, the State reasons that an objective, reasonable person would not doubt the judge's impartiality in this case.
¶ 5. The right to recusal may be waived. Miss. Const. art. 6, § 165; Miss. Code Ann. § 9-1-11 (Rev.2002). Once a party knows of, "or with the exercise of reasonable diligence may have discovered" possible grounds, that party should then move for recusal. Tubwell v. Grant, 760 So.2d 687, 689 (Miss.2000) (citations omitted). Generally, failure to do so will be considered implied consent to have the judge go forward in the case. Id.
¶ 6. There is, however, an exception to this rule. When recusal is based on the fact that the judge at one time served a prosecutorial role in the same case, an appellate court can hear the matter sua sponte. Moore v. State, 573 So.2d 688, 689 (Miss.1990). It can be heard even if expressly waived in the lower court. McDonald v. State, 784 So.2d 261, 265(¶ 13) (Miss.Ct.App.2001). This is because the duty to avoid the appearance of impropriety overrides any waiver. Id. Therefore, we hold that Ryals's objection will be heard in this appeal.
¶ 7. "A judge shall hear and decide all assigned matters, except those in which disqualification in required." Code of Judicial Conduct, Canon 3(B)1. Disqualification is required when a judge formerly served as a lawyer in the same case. Miss.Code Ann. § 9-1-11 (Rev.2002); Canon 3(E)(1)(b).
¶ 8. Jenkins v. State explained the reasoning of this rule. That case involved a defendant who was on trial for murder. Jenkins v. State, 570 So.2d 1191, 1191 (Miss.1990). The trial judge was the county prosecutor when Jenkins was indicted. Id. The judge refused to recuse on the basis that he had no memory of his role as prosecutor in the case. Id. The court noted a reasonable person would doubt the impartiality of the judge in this case, because functions of judge and prosecutor are contradictory. Id. at 1193. The Jenkins court held "no person can be considered to be impartial while that person is also acting as a partisan." Id. Therefore, the court ruled that Jenkins had been denied due process under the Mississippi Constitution. Id. Compare, In the Matter of Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955) (holding federal due process violation for the claimant to serve as trier of fact).
*287 ¶ 9. Furthermore, "[w]here one actively engages in any way in the prosecution and conviction of one accused of a crime, he is disqualified from sitting as judge in any matter which involves that conviction." Banana v. State, 638 So.2d 1329, 1330 (Miss.1994) (emphasis added). Not only does this require recusal from the original trial, it requires recusal from subsequent post-conviction relief matters. Id. at 1331; Moore, 573 So.2d at 689.
¶ 10. The law requires like result in the case at bar. Judge Helfrich ruled on a post-conviction motion when he served as prosecutor in the very arraignment at issue. In effect, he served as prosecutor and judge in the same cause. These functions are inherently contradictory-zealous advocate versus neutral adjudicator. Moreover, the powers are separate and distinct-executive versus judicial. This is not to say that Judge Helfrich was not in fact neutral and conscientious in deciding the matter before him. There is no indication of actual bias put forth by Ryals nor is there any in the record. The law, however, does not require that the judge actually be biased in order to recuse. It simply requires that the functions of prosecutor and judge be performed by different parties. Therefore, it was an abuse of discretion for Judge Helfrich to rule on Ryals's post-conviction relief.
¶ 11. Nevertheless, the State urges that a reasonable person, knowing all the circumstances, would not doubt the judge's impartiality in this case. They cite to Brown v. State for the proposition that a "judge is not disqualified to sit at the trial of one accused of crime merely because previously thereto he has participated in other legal proceedings against the same person." Brown v. State, 829 So.2d 93, 99(¶ 10) (Miss.2002) (emphasis added). Brown involved a trial judge who, in 1979, signed an indictment against defendant in another, prior, unrelated felony. Id. at 96(¶ 6). This prior conviction was one of two that were used to sentence him in 2001 as an habitual offender. Id. In affirming the judge's decision not to recuse, the court noted that the previous indictments had "nothing to do with the trial of the instant case." Id. at 99(¶ 11). Brown therefore is inapplicable to Ryals's case, where the judge had former involvement as prosecutor with regard to the same conviction.
¶ 12. Both due process and "Mississippi Code Section 9-1-11 require[] that we reverse and remand so that another judge can rule on the merits of the motion." Moore, 573 So.2d at 689; Jenkins, 570 So.2d at 1193.

CONCLUSION
¶ 13. Because Judge Helfrich served a prosecutorial role in the underlying criminal case, he was required to recuse from the post-conviction relief motion. Failure to do so was reversible error. Because we are required to remand for a new hearing, we do not reach the other issues. We reverse and remand for further proceedings before a substitute judge, to be appointed for that purpose.
¶ 14. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.