CARLTON, J.,
dissenting:
¶ 59. I respectfully dissent from the majority’s opinion as I find the trial judge manifestly abused his discretion in failing to disqualify himself due to his previous participation. The current trial judge previously acted as the county prosecutor in the shelter hearing wherein[5] the youth court issued a signed order finding jurisdiction and removing the child, and involved the same abuse, victim, and perpetrator as now before the trial judge in the criminal abuse matter. See Miss. Constitution Art. 6, § 165 (“No judge of any court shall preside on the trial of any cause, where the parties or either of them, shall be connected with him by affinity or *1170 consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties.”); Canon 3(E) of the Mississippi Code of Judicial Conduct; Miss.Code Ann. § 9-1-11 (Rev. 2002).[6] The order signed by the youth court dated March 8, 2010, reflects that the youth court considered the merits of the matter at the shelter hearing, and the order sets forth the court’s findings.
¶ 60. Judges should recuse themselves in proceedings when impartiality might reasonably be questioned and also when necessary to avoid the appearance of impropriety.[7] The exhibits introduced at the shelter hearing reflect that the current trial judge had previously served as a youth court prosecutor in the matter in controversy. The signed order from the shelter hearing shows various factual determinations made by the youth court based upon the petition filed and the evidence presented as to whether the abuse occurred as well as regarding who had perpetrated the offenses against the child. The trial judge’s error cannot be dismissed solely because the matter involved different cause numbers. Disqualifying prior participation occurs even in different cases if the underlying substantive matters in controversy were the same and involved the same parties. Disqualification due to participation in the same “matter” includes matters like other proceedings, investigations, and claims. It does not require the participation to be in the same case or cause number. See generally M.R.P.C. 1.12,1.13 cmts.[8]
¶ 61. The shelter-hearing order in the record bears the current trial judge’s name as the prosecuting attorney at the shelter hearing. In that order, the youth court adjudicated that: the youth court possessed subject matter jurisdiction; the child was an abused child; and the child’s removal and placement of the child with a relative. The shelter order also contains a no-contact order against Miller pertaining to the child victim in this case, and the order shows that the youth court ordered the Department of Human Services to continue its investigation. The shelter-hearing exhibits in the record also include an invoice billed[9] to the trial judge in this appeal in his capacity as the youth court prosecutor for the child’s medical records in the amount of $65.27; Miller’s Miranda waiver and consent form; and an affidavit from an individual that conducted an educational and intelligence test on Miller explaining the results.
¶ 62. Instructive to this analysis, this Court in J.N.W.E. v. W.D.W., 922 So.2d 12, 15-16 (¶¶ 10-18) (Miss.Ct.App.2005) found the signing of temporary orders[10] while sitting as a chancellor constituted substantial participation in a matter that barred the chancellor from later serving as counsel for a party in ancillary litigation. The *1171 J.N.W.E. Court found that when counsel previously served as chancellor and signed the orders, such participation constituted substantial participation in the matter even though no evidence on the merits was heard. Id.
¶ 63. In applying precedent to determine whether the trial judge’s prior participation in this case was substantial, the exhibits from the shelter hearing and the youth court order show that the judge previously represented the county’s interest in the shelter hearing that the same victim, the same abuse and offenses, and the same perpetrator that are now before the trial court. See Smith v. State, 212 Miss. 497, 502-04, 54 So.2d 739, 741 (1951) (finding the judge that previously worked with the grand jury that brought about indictments in advising them as to the law and representing the State at that term of court was disqualified from later presiding over suspended-sentence revocation proceedings). See also U.R.Y.C.P. 2(b) (“Proceedings commence when a report or complaint of a child within the jurisdiction of the youth court requires an action by the youth court or by the chancery court or by a referee appointed pursuant to section 43-21-111 of the Mississippi Code or by a designee appointed pursuant to the Mississippi Youth Court Law when acting in a judicial capacity.”); 8(b) (child-protection proceedings); 8(c) (chancery court proceedings); Rule 8 cmt. (“Rule 8(c) is to assure, consistent with Rule 2 of these rules, that chancery court procedures for investigation charges of abuse or neglect are consistent with those applicable to youth court.... Upon the intake officer recommending that a petition be filed, and the court ordering that a petition be filed, the prosecutor must file the petition or request the court to dismiss the proceedings or to handle the cause informally.”). The youth court prosecutor prepares the petition and filings, unless someone else is designated to do so, and the issues therein must be adjudicated by the youth court. See U.R.Y.C.P. 20. See also U.R.Y.C.P. 14(b) (entry of appearance); 24(b)(4)-(5) (The court, at the adjudicatory hearing, verifies information, explains the parties’ rights, and requires an adjudication involving questions of fact and jurisdiction); 25(b) (providing the requirements for the content of the adjudication order).
¶ 64. Mississippi statutes and the Uniform Rules of Youth Court Practice also required the youth court at a shelter hearing to consider additional matters of its jurisdiction, necessitating in this case a factual determination of whether Miller served as a caregiver, and the youth court also possessed the additional consideration of whether removal served the child’s best interest. The trial judge’s appearance as county prosecutor at the shelter hearing,[11] the signed order, and the shelter exhibits indicate that the trial judge had substantially participated as county prosecutor in the same substantive matters in controversy as asserted by the State in the current criminal prosecution against Miller. The contents of the signed youth court order show the youth court considered the merits of the matter before it. Therefore, due to that prior substantial participation by the trial judge in this matter, I find he possessed an interest in the matter which constitutes a violation of article 6, section 165 of the Mississippi Constitution.
*1172 ¶ 65. In his ruling from the bench, the record shows that the trial judge herein felt recusal was inappropriate since he viewed the shelter hearing as confidential and pertained to only the issue of the child’s best interest. The trial judge further explained that since he had determined the shelter hearing concerned only the child’s best interest, then he viewed the current criminal prosecution of Miller and the prior shelter hearing as different cases. However, in accordance with precedent, we must look to the substantive matters in controversy to determine if the trial judge should be disqualified. Somewhat confusing, “matter” includes “any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, charge, accusation, arrest[,] or other particular matter involving a specific party or parties.” James v. Miss. Bar, 962 So.2d 528, 584 (¶ 23) (Miss.2007) (quoting M.R.P.C. l.ll(d)(i)).
¶ 66. The trial judge erred in concluding the youth court only considers the best interest of the child. Mississippi statutes require youth courts to make various factual adjudications in child-protection proceedings, and the matters before the youth court in a shelter hearing for child protection concerns much more than just the issue of the child’s best interest. First and foremost, the youth court must find jurisdiction to exist,[12] and jurisdiction existed in this case upon the determination of the child as an abused child in accordance with Mississippi Code Annotated section 43-21-105(m) (Supp.2011), which defines abused child as follows:
“Abused child” means a child whose parent, guardian or custodian or any person responsible for his care or support, whether legally obligated to do so or not, has caused or allowed to be caused upon the child sexual abuse, sexual exploitation, emotional abuse, mental injury, nonaccidental physical injury!,] or other maltreatment. However, physical discipline, including spanking, performed on a child by a parent, guardian!,] or custodian in a reasonable manner shall not be deemed abuse under this section.
Therefore, the very first issue the youth court was required to address in the shelter hearing went to the heart of the substantive issue of Miller’s guilt. Since he was a non-family member, for youth court jurisdiction to exist over the child as an “abused child,” [13] the court had to determine if Miller was responsible for her care at any time and whether he abused her. After the court determined that the child fell within the court’s jurisdiction as an abused child at the hands of someone responsible for her care, then the youth court had to address whether it was in the child’s best interest to place her in foster care. Rule 16 of the Uniform Rules of Youth Court Practice specifies the various determinations required in child-protection shelter proceedings in order to take children into custody. Shelter hearings determine: probable cause the child is within the jurisdiction of the court, probable cause custody is necessary, whether the effect of the child continuing to reside within the child’s own home would be con *1173 trary to the welfare of the child, whether placement of the child in foster care is in the best interest of the child, and whether reasonable efforts to maintain the child in her own home fail to apply. See U.R.Y.C.P. 16(b)(4).
¶ 67. Since the shelter hearing involved the same victim, the same perpetrator, and the same abuse as prosecuted in the case before the circuit court, and currently before this Court on review, I find that the trial judge abused his discretion in failing to recuse himself. As judges should re-cuse themselves in proceedings when impartiality might reasonably be questioned and also when necessary to avoid the appearance of impropriety, I respectfully dissent.[14] See Scott v. State, 8 So.3d 855, 859 (¶ 13) (Miss.2008) (“The standard of review to which this Court is bound on the issue of recusal is manifest error.”).
IRVING, P.J., Joins This Opinion.

. The matter was raised in an ore tenus motion by defense counsel for Matthew Miller upon the Assistant District Attorney’s disclosure of an envelope of documents showing the trial judge’s prior participation in the matter as county prosecutor in the shelter hearings, which involved the same victim and charges of abuse in this case.

. See also U.R.Y.C.P. 14(b) (entry of appearance); 16 (shelter hearing); 20(c)(1) ("All proceedings seeking an adjudication that a child is a neglected child or an abused child shall be initiated by the filing of a petition. Upon authorization of the youth court, the petition shall be drafted and filed by the youth court prosecutor unless the youth court has designated some other person to draft and file the petition.’’).

. See generally Haralson v. Haralson, 483 So.2d 378 (Miss.1986); J.N.W.E. v. W.D.W., 922 So.2d 12 (Miss.Ct.App.2005).

. See generally James v. Miss. Bar, 962 So.2d 528 (Miss.2007).

. The record shows that the bills were paid out of the district attorney’s office despite the invoice being addressed to the current judge in his capacity as the previous prosecuting attorney for the county.

. The orders required no adjudication on the merits. The orders stayed visitation rights, set the matter for trial, and extended the temporary order.

. Canon 3(E)(1)(b) of the Code of Judicial Conduct provides that a judge should recuse if he participated as a lawyer in the matter in controversy or where such lawyer could be a material witness concerning the matter. See In Re Murchison, 349 U.S. 133, 137, 75 S.Ct. 623, 99 L.Ed. 942 (1955); Terry v. State, 718 So.2d 1097, 1104-05 (¶¶ 35-38) (Miss.1998); Jenkins v. State, 570 So.2d 1191, 1191-93 (Miss.1990) (A judge who was a county prosecutor when defendant was indicted should have recused himself.).

. See U.R.Y.C.P. 16(b).

. See U.R.Y.C.P. 4 cmt. (stating "abused child” has the same meaning as provided by Mississippi Code Annotated section 43-21-105(m); "adjudication hearing” includes hearings to determine if a child is an abused child; “sexual abuse” has same meaning as in Mississippi Code Annotated section 43-21-105(n) (Supp.2011)). See also U.R.Y.C.P. 11(b)(2) (setting forth the requirements for temporary custody orders in child-protection shelter hearings); 16(b)(4) (providing requirements for child-protection proceedings for a child ordered into custody).

. I note that the Mississippi Supreme Court in In re E.K., 20 So.3d 1216, 1220-22 (¶¶ 12-21) (Miss.2009), addressed a different issue pertaining to a youth court contempt case involving the issues of whether the matter in dispute was a civil contempt or a constructive criminal contempt, and whether the youth court judge maintained sufficient objectivity. However, the supreme court in In re E.K. recognized that Mississippi Code Annotated sections 43-21-151(1) (Supp.2011) grants youth court, jurisdiction in all proceedings involving abused children, and the court recognized further section 43-21-105(m) provides the definition of an abused child. Id. at ■ 1223 (¶ 23). The court then explained that in determining whether the victim in that case met the definition of an abused child, that youth court, like the youth court in the case before us, would necessarily have to determine the factual issue of whether the perpetrator was given responsibility for the child's care when the abuse occurred. Id. In the present case, in a shelter hearing, the youth court would have had to have made those factual findings in determining that the child met the statutory definition of an abused child and that the court, therefore, possessed jurisdiction in the proceeding to remove the child from her mother's custody. See generally Miss. Constitution Art. 6, § 177A (grounds for judicial misconduct includes abuses of power of office).