## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2023-CP-00200-COA

**TERRY WHITE A/K/A TERRY D. WHITE A/K/A**          **APPELLANT**
**TERRY DEWAYNE WHITE**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/20/2023 |
| TRIAL JUDGE: | HON. DEBRA W. BLACKWELL |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TERRY WHITE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED, RENDERED, AND REMANDED - 05/14/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McDONALD AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. A man pled guilty to two counts of possession of a controlled substance with the intent to distribute. Just a few months later, the assistant district attorney who prosecuted him was elected circuit court judge.

¶2. The defendant later allegedly violated his post-release conditions and was arrested. He was brought before the judge who had previously prosecuted him. The trial court revoked his release, and the defendant was incarcerated. He next sought post-conviction relief. The same trial court judge reviewed his petition. The judge concluded that she should not have presided over the revocation but that it was harmless.

¶3.     Without finding evidence of bias, we nonetheless conclude the judge was disqualified since she had previously served as prosecutor in the underlying action.  Accordingly, this error requires reversal, and we render relief in favor of the petitioner.  We remand for a new revocation hearing by a judge who is not disqualified.

## BACKGROUND

¶4.     On August 23, 2018, Terry White was indicted in Amite County.  A grand jury charged him with possession of cocaine with intent to sell, possession of methamphetamine with intent to sell, and possession of marijuana with intent to sell.  The indictment was signed by then-Assistant District Attorney Debra W. Blackwell.  On October 2, 2018, ADA Blackwell requested the circuit court clerk issue six subpoenas for White's forthcoming trial, which was set for October 23.

¶5.     A few weeks later, White filed a petition to plead guilty to the charges.  On October 22, he entered a plea of guilty to two counts of possession of a controlled substance with the intent to sell.  ADA Blackwell represented the State in the guilty plea hearing.  White was sentenced to serve 20 years in custody for one conviction and 30 years for the other.  The sentences were ordered to be served concurrently.  He was given credit for the time he had already served; crucially, the balance of his sentences was suspended.  White was further required to serve five years of post-release supervision.

¶6.     On November 6, just fifteen days after White's guilty plea, ADA Blackwell was elected circuit court judge for District 6, which includes Amite, Adams, Wilkinson, and Franklin Counties.

2

¶7.    In December 2020, White was arrested after allegedly violating the conditions of his post-release supervision by failing to report his change in residence.  A home visit at his new residence in neighboring Wilkinson County was conducted.  According to the arrest warrant, "a plastic baggie containing powder cocaine as well as an AR-15 rifle and .40 caliber handgun were found in the bedroom" of White.  Although not present in the record before us, it appears these actions resulted in a new multi-count criminal indictment.  Additionally, in February 2021, White "was arrested . . . in Amite County for DUI and Speeding."  It appears he pled guilty to DUI in the Amite County Justice Court.

¶8.    The State sought to revoke White's PRS on the basis of these charges.  Although there are two circuit judges in District 6, the warrant issued for White's arrest was signed by Judge Blackwell on March 4, 2021, and subsequently White appeared in a hearing before Judge Blackwell on March 31, 2021.  At stake was whether his PRS would be revoked.  To be clear, he was appearing before the same person now holding the position of circuit judge who had previously caused him to be indicted for the underlying charges which resulted in him being placed on PRS.

¶9.    Judge Blackwell signed an order revoking White's suspended sentences on April 1, 2021, finding that White should "serve the remaining balances [of his sentences] in the custody of [the] Mississippi Department of Corrections."  The order was entered on April 13, 2021.  White is currently serving the balance of the previously suspended sentences.

¶10.    After the revocation, White contested it through a petition for post-conviction relief.  Through counsel, he argued that Judge Blackwell should have recused since she had served

as the prosecutor in his underlying conviction. White pointed out that the judge "should have disqualified herself from presiding over Defendant's revocation hearing," citing five cases from the Mississippi Supreme Court and one from this Court.

¶11.    This civil matter was also presided over by Judge Blackwell. In an order denying relief, the trial court held that White waived the request for her to recuse:

> The facts of the record are clear in that the undersigned Judge's name plainly appeared on the Indictment, and the plea documents. White cannot reasonably claim that he had no notice of the undersigned Judge's previous involvement while working as an assistant district attorney. White failed to request or address recusal at the revocation hearing held on March 31, 2021, thus White waived any objection regarding the recusal of the undersigned Judge.

¶12.    Beyond this waiver, the trial court held that in light of clear precedent, it was "of the opinion that it was error for the Court to have failed to recuse." But in the view of the trial court this did not require reversal, as the court reasoned "that said error is harmless" since White was so clearly in violation of the terms of his post-release supervision. The trial court concluded, "There exists no evidence that White received anything other than a fundamentally fair hearing and fu[r]ther there are no set of facts that White can set forth that would change the fact that White violated the conditions of his post-release supervision."

¶13.    In the end, the trial court ruled, "It is the opinion of this Court that while the Court committed error in its failure to recuse, said error is harmless and not a reversible error." White appealed and the case was assigned to us for review.

### DISCUSSION

¶14.    Now acting pro se, White raises three issues on appeal. We find the first issue dispositive; it asks whether the trial judge should have recused from reviewing his PCR

4

petition since she had previously served as a prosecutor in his underlying case. He claims that the refusal to recuse was an abuse of discretion and a violation of his due process rights afforded to him by the Mississippi Constitution. The State, bound as it is by decades of precedent, has acknowledged that this is error and that White should be granted a new revocation hearing with a different judge.

¶15. And the law is very clear on this point. Our Code of Judicial Conduct mandates an independent and impartial judiciary. *See* Miss. Code Jud. Conduct Canons 1, 3(E)(1). "In fact, the Code of Judicial Conduct uses the word 'impartial' twenty-six times." *Davis v. State*, 347 So. 3d 1205, 1214 (¶21) (Miss. Ct. App. 2022). Our system of justice must strive without fail to never "erode[] the neutrality and independence mandated for the judicial branch." *Id*. at 1216 (¶24).

¶16. Accordingly, there are times when a judge simply must not preside over a case. "A judge shall hear and decide all assigned matters within the judge's jurisdiction, except those in which disqualification is required." Miss. Code Jud. Conduct Canon 3(B)(1). One such instance is where the judge was a lawyer in the same case. "Disqualification is required where a judge *formerly served as a lawyer in the same case* except by agreement of the parties." Miss. Code Ann. § 9-1-11 (Rev. 2019); Miss. Code Jud. Conduct Canon 3(E)(1)(b). "Additionally, due process *demands* disqualification when a judge previously actively served in an accusatory role in the case as a prosecutor." *Overstreet v. State*, 17 So. 3d 621, 623 (¶7) (Miss. Ct. App. 2009) (emphasis added) (citing *Jenkins v. State*, 570 So. 2d 1191, 1193 (Miss. 1990)).

¶17. We have previously addressed a very similar scenario as the one at hand, where a trial judge reviewed a PCR petition despite previously "serv[ing] as one of the assistant district attorneys of record appearing on behalf of the State." *Id.* at (¶2). After pleading guilty, the defendant was subsequently sentenced to life in prison without eligibility for parole. *Id.* He later filed two PCR motions, both of which were denied. *Id.* at (¶3). Yet the second PCR was dismissed "as a successive writ by the judge that had served as the prosecutor in his case." *Id.*

¶18. We made very clear that the law of our State required recusal, for "'[w]here one actively engages in any way in the prosecution and conviction of one accused of a crime, he is disqualified from sitting as judge in any matter which involves that conviction.'" *Id.* at (¶9) (quoting *Banana v. State*, 638 So. 2d 1329, 1330 (Miss. 1994)). "Not only does this require recusal from the original trial, this disqualification *requires* recusal from subsequent post-conviction relief matters." *Id.* (emphasis added).

¶19. Therefore we held the trial judge had "abused his discretion when he failed to recuse himself and ruled on [the] post-conviction relief motion." *Id.* at (¶11). The problem was stark: "In effect, he served as prosecutor and judge in the same cause." *Id.* This could never be allowed, as "[t]he functions of a zealous advocate and a neutral adjudicator inherently contradict one another." *Id.* While we found no ill intent to violate this rule, and we declined to make a finding the trial court acted as anything other than "a neutral adjudicator," we nonetheless reversed. *Id.* "The law, however, does not require that the judge actually be biased in order to recuse . . . . It simply requires that the functions of the prosecutor and the

6

judge be performed by different parties." *Id*. (cleaned up).

¶20.    This case requires the same result. Just as in *Overstreet*, in the present case the "judge previously actively served in an accusatory role in the case as a prosecutor;" therefore, "due process demands disqualification." *Id*. at (¶7). Then-ADA Blackwell signed Terry White's indictment, caused subpoenas to be issued for the upcoming trial on the merits, and represented the State throughout his prosecution, which then resulted in a guilty plea and the defendant's subsequent conviction.  Having been a former prosecutor in the case, when White appeared on charges that he had violated his post-release conditions, she was automatically disqualified from reviewing the State's motion for revocation.   Judge Blackwell's signature appears on one of the first documents in the criminal file—signing the indictment as an ADA—and then on the last of the documents—signing the order revoking post-release supervision as the trial judge.  As in *Overstreet*, there is no indication the trial court acted as anything other than a neutral arbitrator; nonetheless, these actions are prohibited by judicial Canon and precedent and require reversal.

¶21.    Nor does the fact that this appeal comes to us in a slightly different procedural posture than *Overstreet* compel a different result; indeed, precedent has addressed this precise point before.  In 1939, Vardaman Smith pled guilty for "unlawful possession of intoxicating liquor," with both fines and sentences suspended. *Smith v. State*, 212 Miss. 497, 499, 54 So. 2d 739, 739 (1951).  The district attorney at the time was Homer Currie; twelve years later, he was the circuit judge. *Id*.  The new district attorney sought to have Smith's suspended sentences revoked, alleging he was selling liquor and running "two 'joints' in which such

7

activities took place and at which various crimes of violence had occurred recently." *Id*. The revocation was held before then-Judge Currie, who revoked the suspended sentences. *Id*.

¶22.    The Mississippi Supreme Court first noted, as we did in *Overstreet*, that the trial court's "fairness and impartiality are unquestioned[.]" *Id*. at 741. That's not the point; rather, the point was that "the presiding judge was disqualified from presiding on the trial of the petition to revoke the suspended sentences." *Id*. The circuit judge had presented the charge to the grand jury and was there at the plea. *Id*. "Under the circumstances," the Court declared, "we think that the presiding judge in the present proceedings to revoke the suspended sentences was 'of counsel' for the State," rendering him disqualified. *Id*.

¶23.    Relying on the statutes in effect at the time, the Supreme Court was clear over seventy years ago in *Smith*: "One who has been actively engaged *in any way* in the prosecution and conviction of one accused of crime is disqualified . . . from sitting as judge in a matter involving that conviction." *Id*. (emphasis added). The Court magnified this same point again nearly thirty years ago: "Where one actively engages *in any way* in the prosecution and conviction of one accused of a crime, he is disqualified from sitting as a judge in any matter which involves that conviction." *Banana*, 638 So. 2d at 1330-31 (emphasis added) (finding that "[b]ecause [the reviewing trial court judge] was the district attorney at the time that the criminal information against Banana was filed, he was disqualified from ruling on the post conviction motion, as was . . . the other circuit judge in the district, who was the assistant district attorney during Banana's prosecution"). And fifteen years ago we held, "Not only does this require recusal from the original trial, this disqualification requires recusal from

8

subsequent post-conviction relief matters." *Overstreet*, 17 So. 3d at 624 (¶9).

¶24. Then-ADA Blackwell signed the indictment triggering the prosecution of Terry White. There is no dispute that she actively participated in his prosecution. Under the standards set by our Supreme Court and Canons of Judicial Conduct, we must find disqualification of a judge if the person had participated "in any way in the prosecution and conviction." Under the uncontested facts of this case, that situation is present here. Judge Blackwell was disqualified from presiding over the revocation of White's suspended sentence because she had previously actively participated in the prosecution of the underlying crime. It could not be harmless error to preside over this matter, as the trial judge was disqualified as a matter of law. This error was compounded when the same circuit judge then reviewed the petition for post-conviction relief which contended it was error to preside over the revocation. There was not one error here, but two. As a result, we reverse the denial of the motion for post-conviction relief, and render judgment in White's favor that he is entitled to a new revocation hearing with a different circuit judge.

¶25. This rule must remain utterly clear. There is a reason it must—for we are oathbound to safeguard the integrity of the Judiciary and, in turn, our system of laws in Mississippi. "Our legal system is based on the principle that an independent, fair and competent judiciary will interpret and apply the laws that govern us." Miss. Code of Jud. Conduct, *Preamble*. "The role of the judiciary is central to American concepts of justice and the rule of law." *Id.* Mississippians are entitled to "[a]n independent and honorable judiciary," and that guarantee "is indispensable to justice in our society." Miss. Code of Jud. Conduct Canon 1.

9

**CONCLUSION**

¶26.    For the reasons set out above, we find the trial court judge was disqualified from White's revocation hearing in the criminal matter as well as this petition for post-conviction relief.  We reverse the circuit court's order.  We render White's PCR request and remand for a new revocation hearing presided over by a different circuit judge who is not disqualified.

¶27.    **REVERSED, RENDERED, AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND EMFINGER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**