PATTERSON, Chief Justice,
for the Court:
This is an appeal from the Chancery-Court of Warren County. There, following a full hearing including the testimony of the parties and their stipulations, the respective interests of the parties to a parcel of land was adjudicated and a special commissioner appointed to conduct a partition sale. Malinda Brinnon, respondent below, being aggrieved by this decree perfected her appeal to this Court.
We have meticulously studied this record in its entirety and are of the opinion the chancery court did not err in its adjudication as to the respective interests of the parties or in ordering a partition sale. The trial court’s judgment of August 5, 1983, is therefore affirmed.
The next issue arising from the suit was created when Malinda Brinnon moved the trial court to vacate its decree of August 5, 1983, apparently unaware that her appeal on the same subject matter had divested the trial court of its jurisdiction. The trial court nevertheless entertained the motion and attempted to modify the decree over which it had lost jurisdiction.
In our opinion the motion and the order thereon are complete nullities because jurisdiction of the subject matter at the time of the motion was vested in this Court when the appeal on the partition proceedings was perfected. In Crocker v. Farmers & Merchants Bank, et al, 293 So.2d 444 (Miss.1974), we stated:
The decree appealed from herein was dated November 15, 1972. Its main thrust was to broaden and in effect “modify” the decree of the Chancery Court of Calhoun County dated May 13, 1972, which was on appeal by both sides without supersedeas. The appeal divested the lower court of jurisdiction and the decree of November 15, 1972 modifying the earlier decree cannot be upheld.
In Gatlin v. Cook, 380 So.2d 236 (Miss. 1980), we again stated:
It is well settled that where a case has been removed to an appellate court by appeal the lower tribunal is divested of any jurisdiction to subsequently modify its order or entertain a petition for rehearing. McGowan v. McCann, 357 So.2d 946 (Miss.1978); Dunavant Enterprises, Inc. v. Ford, 294 So.2d 788 (Misc.1974); Crocker v. Farmers & Merchants Bank, 293 So.2d 444 (Miss.1974). The rule applies with equal force when an appeal is taken from a judgment or decision of municipal authorities. 380 So.2d at 237-238.
We therefore conclude the order on the motion to vacate is void and the appeal therefrom is without merit. This decision does not detract from that which was stated in Wilson v. State, 461 So.2d 728 (Miss.1984), concerning concurrent jurisdiction between this Court and the trial courts appertaining to administrative matters; nor does it impinge upon Rule 60 of the Mississippi Rules of Civil Procedure concerning clerical mistakes.
AFFIRMED ON DIRECT APPEAL. THE TRIAL COURT’S ORDER ON THE MOTION TO VACATE JUDGMENT IS VACATED AND THE APPEAL AS TO IT IS DISMISSED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.