573 So.2d 688 (1990)
Eugene MOORE
v.
STATE of Mississippi.
No. 07-KP-59565.
Supreme Court of Mississippi.
December 12, 1990.
Eugene Moore, Parchman, pro se.
Mike C. Moore, Atty. Gen., Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PITTMAN and BLASS, JJ.
BLASS, Justice, for the Court:
The defendant appeals the denial of his motion to vacate and set aside sentence. Essentially this was a motion for an evidentiary hearing under the Mississippi Uniform Post Conviction Collateral Relief Act [hereinafter the "Act"].
This case has a rather confusing procedural history. The defendant filed two motions in the nature of post-conviction relief: one on December 21, 1987, and one on March 8, 1988. On October 10, 1988, the trial court issued an order bearing the case number of the March 8 motion. The substance of the order, however, made it clear that it was actually in response to the December 21 motion. On June 21, 1989, the lower court issued a new order with wording identical to the previous order but it changed the case number to correspond to the December 21, motion.[1]
The other facts in the record are rather sparse. The defendant pleaded guilty to murder in 1966. On December 21, 1987, he filed a motion titled, "Motion to Vacate and Set Aside Sentence". In the motion, the defendant states that his plea was not knowingly or intelligently made and the plea was entered into because of ineffective assistance of counsel.
Also, in the memorandum in support of the motion the defendant complains of several procedural defects in the indictment. First he notes that the affidavit of the foreman was not contained in the indictment. Further the defendant adds that no where in the indictment does it state that fifteen grand jurors were present or that twelve of them actually voted on the indictment or that any of them were even sworn. Finally the defendant claims that the indictment wasn't signed by the judge. All of these flaws, it is contended, require that the guilty plea be vacated. The defendant also contends that counsel's failure to detect these deficiencies in the indictment further supports the ineffective assistance of counsel claim.
A close examination of the record reveals that the judge who ruled on this motion was also the district attorney who signed *689 the indictment in 1966. The parties did not raise this issue but nonetheless Miss. Code Ann. § 9-1-11 (1972) requires that we reverse and remand so that another judge can rule on the merits of the motion. See, Smith v. State, 212 Miss. 497, 54 So.2d 739 (1951) ("One who has been actively engaged in any way in the prosecution and conviction of one accused of a crime is disqualified ... from sitting as a judge in a matter involving that conviction."); Kirby v. State, 78 Miss. 175, 28 So. 846 (1900).
REVERSED AND REMANDED
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] This motion was issued in response to this Court's order to correct the record under Miss. Sup.Ct.R. 10(e). This order was in response to the state's motion to dismiss the appeal and motion to force the lower court to reconsider the two motions filed by the defendant. The lower court also issued an order in response to the March 8, 1988, motion by the defendant. The court overruled it as time barred and in the alternative overruled it because it was completely unintelligible.