638 So.2d 1329 (1994)
James Gregory BANANA
v.
STATE of Mississippi.
No. 91-KP-1115.
Supreme Court of Mississippi.
June 30, 1994.
*1330 James Gregory Banana, pro se.
Michael C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, Ellen Y. Dale, Ridgeland, for appellee.
Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:
This is a post-conviction relief matter in which the ruling judge had once acted as prosecutor. He attempted to recuse himself after the ruling had been appealed. Because the court lacked jurisdiction for the latter action and because the judge should have recused himself initially, we vacate the order of the circuit court and remand this matter for further proceedings.

I.
On June 6, 1988, James Gregory Banana was arrested on the charge of forgery from which he pled guilty. On July 18, 1988, Judge Brown accepted the plea and sentenced Banana in accordance with the state's recommendation to serve a term of five years in the Mississippi Department of Corrections to run consecutively with the sentence already imposed in another cause. On March 11, 1989, Banana filed a motion for post conviction relief. On November 29, 1990, Judge Montgomery, district attorney at the time of Banana's arrest and prosecution, entered an order denying Banana's post conviction relief. On December 20, 1990, Banana filed a notice of appeal. On April 12, 1991, while this appeal was pending, an order was entered that recused Judge Montgomery and Judge Howard and appointed Judge Kenneth Coleman as the substitute judge to rule anew on the motion. On June 24, 1991, Judge Coleman entered an order denying Banana's relief. On November 5, 1991, Banana filed another appeal to this Court arguing inter alia that Judge Montgomery erred when he ruled on his post conviction motion since Judge Montgomery was the district attorney at the time the criminal information against him was filed.

II.

A.
Where one actively engages in any way in the prosecution and conviction of one accused of a crime, he is disqualified from sitting as a judge in any matter which involves that conviction. Moore v. State, 573 So.2d 688, 689 (Miss. 1990) (citing Smith v. State, 212 Miss. 497, 54 So.2d 739 (1951)). In Moore, the defendant filed a post conviction motion for an evidentiary hearing under the Mississippi Uniform Post Conviction Collateral Relief Act. Moore, 573 So.2d at 688. The trial court denied the motion and the defendant appealed to this Court. Id. Although the parties did not raise an issue of impartiality by the trial court, we reversed and remanded the case after an examination of the record revealed that "the judge who ruled on [the] motion was also the district attorney who signed the indictment in 1986." Id. at 689.
We also addressed this issue in Jenkins v. State, 570 So.2d 1191 (Miss. 1990). In Jenkins, the Governor appointed Yeager, the prosecuting attorney who indicted Jenkins for stabbing and killing Boykin, to serve as Special Judge after the regular judge became ill. Id. Jenkins objected to Judge Yeager conducting his trial and moved for a continuance. Id. Judge Yeager denied the continuance stating that he did not remember seeing Jenkins before the trial and neither was he involved in any of the earlier proceedings. Id. At the conclusion of all the evidence, the jury convicted Jenkins of manslaughter and Judge Yeager sentenced him to fifteen (15) years in the Mississippi Department of Corrections. Id. In reversing and remanding for a new trial, we explained that "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Id. at 1192 (citing Ruland v. Pridgen, 493 So.2d 952, 954 (Miss. 1986)). See also In re Moffett, 556 So.2d 723, 725 (Miss. 1990); Jenkins v. *1331 Forrest County Gen. Hosp., 542 So.2d 1180, 1181 (Miss. 1988).
Because Judge Montgomery was the district attorney at the time that the criminal information against Banana was filed, he was disqualified from ruling on the post conviction motion, as was Judge Lee Howard, the other circuit judge in the district, who was the assistant district attorney during Banana's prosecution.

B.
After Banana filed his appeal from Judge Montgomery's initial ruling, the trial court lacked jurisdiction to appoint Judge Coleman as the replacement judge to rule on Banana's motion for post conviction relief. "It is well settled that where a case has been removed to an appellate court by appeal, the lower tribunal is divested of any jurisdiction to subsequently modify its order or entertain a petition for rehearing." Brinnon v. Wilson, 485 So.2d 301, 302 (Miss. 1986) (citing Gatlin v. Cook, 380 So.2d 236 (Miss. 1980)). See also McGowan v. McCann, 357 So.2d 946 (Miss. 1978); Dunavant Enterprises, Inc. v. Ford, 294 So.2d 788 (Miss. 1974); Crocker v. Farmers & Merchants Banks, 293 So.2d 444 (Miss. 1974). Here, the judge attempted sua sponte to reconsider his denial of the post conviction motion after Banana filed his appeal to this Court.
Moreover, in Nelson v. State, 626 So.2d 121 (Miss. 1993), we delineated the proper method for securing a substitute judge where the judges in the district are required to rule on Banana's motion for post conviction relief. We explained that "[t]he participation of the recused person in the selection of a replacement may itself raise questions of impropriety." Id. at 125 (citing Ferry v. State, 245 Ga. 698, 267 S.E.2d 1 (1980)) (such practices violates the Code of Judicial Conduct). In addition, we explained that "the provisions of § 9-1-105(1) should be used in all instances where there is a recusal and the entry of the appointing order requires the participation of a judge who is recused." Id. at 125. Here, as in Nelson, Judge Montgomery participated in selecting his replacement and did not follow the mandates of section 9-1-105(1).

CONCLUSION
For the foregoing reasons, we reverse and remand for further proceedings before a substitute judge, to be appointed for that purpose.
LOWER COURT'S ACTION ON BANANA'S MOTION FOR POST-CONVICTION RELIEF REVERSED AND MOTION REMANDED FOR FURTHER PROCEEDINGS.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.