ORDER

In view of the decision today entered by a separate order in which the original *109 opinion in the case is withdrawn and Presiding Justice Banks and Justices Waller and Cobb recuse, the en banc Court is called upon to make an administrative decision as to how this matter should proceed. There are now insufficient Justices available to form a quorum of the Court for further consideration on the merits of the case, and unless the attorneys engaged in this matter can agree upon members of the bar to serve as Special Justices, the Governor should be advised under the provisions of Article 6, Section 165 of the Mississippi Constitution of 1890 of the need to commission others in sufficient numbers to serve in this case. Chief Justice Prather, Presiding Justices Pittman and Banks and Justices Mills, Waller, and Cobb join in this order of administrative management of this case, pursuant to the mandates of Article 6, Section 165 of the Mississippi Constitution of 1890, to so notify counsel and, if necessary, to advise the Governor.
IT IS THEREFORE ORDERED, that the attorneys in this matter shall be notified by the Clerk of this Court of the absence of a sufficient number of Justices and given thirty days from the entry of this Order to file with this Court an agreed list of names of members of the bar to serve as Special Justices to consider and determine all issues in this case. If at the end of that time no such agreed list has been filed with the Court, the Governor shall be immediately notified by this Court’s Administrator under the provisions of Article 6, Section 165 of the Mississippi Constitution of 1890 of the need to commission others in sufficient numbers to serve as Special Justices to consider and determine all issues in this case.
IT IS FURTHER ORDERED that this Order shall issue concurrently with the order of today by which a majority of the Justices participating in the decision of this case on the merits have withdrawn the opinion and recused themselves.
/s/ Fred L. Banks, Jr.
FOR THE COURT
BANKS, P.J., FILES SEPARATE STATEMENT ON ORDERS JOINED BY WALLER AND COBB, JJ.
McRAE and DIAZ, JJ., DISSENT FROM THE WITHDRAWAL OF THE FORMER OPINION AND THE APPOINTMENT OF SPECIAL JUSTICES AND FILE SEPARATE STATEMENTS ON ORDERS.
SMITH J., NOT PARTICIPATING.
BANKS, Presiding Justice,
Statement on Order:
¶ 1. I write briefly to elucidate further this Court’s action and to respond to the dissenting opinions of Justices McRae and Diaz.
¶ 2. First, a majority of the en banc Court remaining to hear this matter following initial recusals, to wit, Justices Waller, Cobb and I, decided, upon reflection and in consideration of the motion for rehearing, that the better course was to withdraw the opinion previously issued, which I authored, and to recuse themselves from a decision on this case. Our recusal left this Court without a quorum to hear this case. It followed that the provision in the constitution designed for this situation was, of necessity, invoked. Miss. Const, art. 6, § 65.
¶ 3. This is not unprecedented. In fact, it was the norm in the early years of our constitution when there were but three Justices and when there was no provision for a quorum. See, e. g., John E. Hall Comm’n Co. v. R.L. Crook & Co., 87 Miss. 445, 40 So. 1006 (1906); Adams v. Mississippi State Bank, 75 Miss. 701, 28 So. 395 (1897). The quorum provision and the addition of a greater number of Justices have made the instances where the constitutional provision had to be invoked understandably rare. Miss. Const. art. 6, §§ 145A & 145B. Slush v. Patterson, 201 Miss. 113, 29 So.2d 311 (1947). It is, of course, the rare case where a majority of the Court feels compelled to recuse. However, this is just *110 such a case. Once that fact is realized, our course of action pursuant to our constitution is clear.
¶ 4. Thus, the arguments pressed by-Justice McRae are inapt. Our constitution itself answers both his separation of powers claim and his rule of necessity claim. The cases upon which he relies deal with either a different constitution or with situations wholly inapposite to what is before this Court today.
¶ 5. Justice Diaz’s position has facial merit, but an assignment to the Court of Appeals would involve an assignment by Justices who have recused themselves, running afoul of our admonition in Banana v. State, 638 So.2d 1329, 1331 (Miss.1994). Additionally, such an assignment would likely cause us to confront this question again on a petition for certiorari to review the Court of Appeals’ decision.
¶ 6. It clearly would have been better for all of the recusing Justices to have done so sooner rather than later. The failure to do so, however, does not relieve us of the obligation to search our consciences and the law in an effort to do that which ought to be done. See Miss. Const. art. 6, § 165; Miss.Code of Judicial Conduct Canon 3 C. That which ought to be done is, in our view, what we do today.
WALLER AND COBB, JJ., JOIN THIS STATEMENT.