CARLTON, J„
 

 for the Court.
 

 ¶ 1. Gary W. Overstreet appeals from the dismissal of his post-conviction relief motion alleging that Circuit Court Judge Robert Helfrich should have recused himself from ruling on Overstreet’s post-conviction relief motion because Judge Helf-rich acted as a prosecutor at his guilty plea hearing. Finding merit in Overstreet’s assignment of error, we reverse the circuit court’s judgment and remand the case for
 
 *623
 
 further proceedings consistent with this opinion.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On May 15, 1996,- Overstreet pled guilty in the Forrest County Circuit Court to one count of capital murder. The record of Overstreet’s plea colloquy reflects that Judge Helfrich served as one of the assistant district attorneys of record appearing on behalf of the State at Over-street’s plea hearing. The circuit court sentenced Overstreet to a term of life imprisonment without eligibility for parole.
 

 ¶ 3. Overstreet filed his first motion for post-conviction relief on August 31, 1999, which Circuit Court Judge Richard W. “Dicky” McKenzie denied. Overstreet filed a second motion for post-conviction relief on March 20, 2007. On June 20, 2008, Judge Helfrich dismissed the motion as a successive writ pursuant to Mississippi Code Annotated section 99-39-23(6) (Supp.2008). On December 2, 2008, Over-street appealed.
 

 DISCUSSION
 

 ¶ 4. Overstreet claims in his appeal that Judge Helfrich should have recused himself from consideration of his post-conviction relief motion because Judge Helfrich appeared on behalf of the State as an assistant district attorney at his plea colloquy. The State contends that Overstreet waived this issue since he raises this matter for the first time on appeal.
 

 ¶ 5. No judge shall preside over a trial where, among other reasons, he “may have been of counsel” except by the consent of the judge and parties. Miss. Const, art. 6, § 165; Miss.Code Ann. § 9-1-11 (Rev.2002). The right to recusal may be waived.
 
 Id.
 
 Once a party knows of, “or with the exercise of reasonable diligence may have discovered,” possible grounds, that party should move for a recusal.
 
 Tubwell v. Grant,
 
 760 So.2d 687, 689(8) (Miss.2000) (citations omitted). Generally, the failure to do so will be considered implied consent to have the judge go forward presiding over the case.
 
 Id.
 

 ¶ 6. However, an exception to this rule exists with respect to prior participation by the judge as a prosecutor.
 
 Smith v. State,
 
 212 Miss. 497, 502, 54 So.2d 739, 741 (1951). In such a case, an appellate court can hear the matter sua sponte.
 
 Moore v. State,
 
 573 So.2d 688, 689 (Miss.1990). Appellate courts possess authority to review the recusal issue in such cases of judicial disqualification even if expressly waived in the lower court.
 
 McDonald v. State,
 
 784 So.2d 261, 265(¶ 13) (Miss.Ct.App.2001) (Southwick, P.J., concurring). Appellate courts may hear these matters because the duty of the trial judge to avoid the appearance of impropriety overrides any waiver.
 
 Id.
 

 ¶ 7. “A judge shall hear and decide all assigned matters within the judge’s jurisdiction, except those in which disqualification is required.” Code of Judicial Conduct, Canon 3(B)(1). Disqualification is required where a judge formerly served as a lawyer in the same case except by agreement of the parties. Miss.Code Ann. § 9-1-11; Canon 3(E)(1)(b). Additionally, due process demands disqualification when a judge previously actively served in an accusatory role in the case as a prosecutor.
 
 Jenkins v. State,
 
 570 So.2d 1191, 1193 (Miss.1990).
 

 ¶ 8. For example, in
 
 Jenkins,
 
 the supreme court explained the reasoning behind this rule. In
 
 Jenkins,
 
 the defendant was on trial for murder.
 
 Id.
 
 at 1191. The special trial judge was the county prosecuting attorney when the defendant was indicted for murder.
 
 Id.
 
 The defendant objected to the former prosecutor sitting
 
 *624
 
 as the judge in his case.
 
 Id.
 
 The defendant did not ask for the judge to recuse himself; instead, he asked that the case be continued until the judge, who the present judge in question was filling in for, returned.
 
 Id.
 
 However, the trial judge refused to recuse himself from the trial of the case on the basis that he did not remember his role as a prosecutor in the case.
 
 Id.
 
 The court noted that a reasonable person would doubt the impartiality of the judge in the case, as the functions of judge and prosecutor are contradictory.
 
 Id.
 
 at 1193. The
 
 Jenkins
 
 court held: “no person can be considered to be impartial while that person is also acting as a partisan.”
 
 Id.
 
 Therefore, the supreme court ruled that Jenkins had been denied due process under the Mississippi Constitution.
 
 Id.
 

 ¶ 9. Furthermore, “[wjhere one actively engages in any way in the prosecution and conviction of one accused of a crime, he is disqualified from sitting as judge in any matter which involves that conviction.”
 
 Banana v. State,
 
 638 So.2d 1329, 1330 (Miss.1994) (quoting
 
 Moore,
 
 573 So.2d at 689). Not only does this require recusal from the original trial, this disqualification requires recusal from subsequent post-conviction relief matters.
 
 Id.
 
 at 1331;
 
 Moore, 573
 
 So.2d at 689.
 

 ¶ 10. Therefore, the law similarly requires disqualification in this case. Judge Helfrich ruled on Overstreet’s post-conviction relief motion despite the fact that he appeared as one of the prosecutors at the very plea hearing at issue. In effect, he served as prosecutor and judge in the same cause. The functions of a zealous advocate and a neutral adjudicator inherently contradict one another.
 
 Ryals v. State,
 
 914 So.2d 285, 287(10) (Miss.Ct.App.2005). However, such contradiction provides no finding or conclusion that Judge Helfrich did not in fact act as a neutral adjudicator in ruling on Over-street’s post-conviction relief motion. “The law, however, does not require that the judge actually be biased in order to recuse.”
 
 Id.
 
 “It simply requires that the functions of [the] prosecutor and [the] judge be performed by diffei’ent parties.”
 
 Id.
 

 ¶ 11. For the reasons stated, we find that Judge Helfrich abused his discretion when he failed to recuse himself and ruled on Overstreet’s post-conviction relief motion. Both due process and section 9-1-11 require that we reverse the circuit court’s judgment and remand this case so that Overstreet’s post-conviction relief motion can be reviewed by a different judge.
 

 1112. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL. COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. MYERS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.