CARLTON, J.,
dissenting:
¶ 16. I respectfully dissent. I submit that due process requires disqualification when a trial judge previously acts in an accusatory role in the case.[2] Jenkins v. State, 570 So.2d 1191, 1192-93 (Miss.1990); *588 see also Banana v. State, 638 So.2d 1329, 1330-31 (Miss.1994) (finding that because the trial judge was the district attorney when the criminal information was filed, the trial judge was disqualified from serving as a judge in the matter on post-conviction-relief proceedings); Holmes v. State, 966 So.2d 858, 861-62 (¶¶ 10-11) (Miss.Ct.App.2007). With respect to the amount of prior participation as an accuser that triggers disqualification by a trial judge, the supreme court found that a trial judge was disqualified from ruling on a post-trial motion where the trial judge previously served as the district attorney who signed the defendant’s indictment in that case. Moore v. State, 573 So.2d 688, 688-89 (Miss.1990) (addressing the recusal issue under the plain-error doctrine). See also Miss. Const. art. 6, § 165; Miss.Code Ann. § 9-1-11 (Rev.2002).
¶ 17. Since the trial judge in the present ease served in an accusatory role, supreme court precedent requires that the case be reversed and remanded for a new judge to rule on West’s motions and preside over his trial.[3] Based on the foregoing, I dissent.
GRIFFIS, P.J., AND ISHEE, J., JOIN THIS OPINION.

. The determination of whether disqualification by a prior accuser is appropriate has been clouded by case law addressing when disqualification is required in cases where a *588 trial judge previously participated as counsel or possesses an interest in the case. See Turner v. State, 573 So.2d 657, 676-78 (Miss.1990); Kirby v. State, 78 Miss. 175, 179, 28 So. 846, 846 (1900). I acknowledge that precedent establishes that “[w]hen a judge is not disqualified under [section] 165 of the Mississippi Constitution, or [Mississippi Code Annotated section] 9-1-11 [ (Rev.2002) ], the propriety of his or her sitting is a question ... to review only in case of manifest abuse of discretion.” Ruffin v. State, 481 So.2d 312, 317 (Miss.1985); see Rutland v. Pridgen, 493 So.2d 952, 954 (Miss.1986). However, when the constitutional disqualification applies, then due process necessitates automatic disqualification, without deference.

. Overstreet v. State, 17 So.3d 621, 623 (¶ 6) (Miss.Ct.App.2009) (In cases pertaining to prior participation by the trial judge, appellate courts may determine the recusal issue sua sponte and "possess authority to review the recusal issue ... even if expressly waived in the [trial] court.”); McDonald v. State, 784 So.2d 261, 265 (¶ 13) (Miss.Ct.App.2001).