CARLTON, J.,
for the Court:
¶ 1. A Lafayette County jury found Stanley Luster guilty of burglary of a dwelling, and the circuit court sentenced him as a habitual offender to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). Luster now appeals the Lafayette County Circuit Court’s denial of his motion for a new trial or, in the alternative, a judgment notwithstanding the verdict.
FACTS
¶ 2. On February 26, 2011, Carrice Buchanan, who lives at 405 South 15th Street, Apartment B, Oxford, Mississippi, witnessed an older African American male standing at the front door of Apartment D of Buchanan’s building. Buchanan stated that she also observed a white car parked in front of the apartment complex. Buchanan testified that the driver of the car seemed to be watching her, and she stated that the car eventually pulled away and entered the parking lot across the street. Buchanan and her boyfriend proceeded to enter her apartment.
¶ 3. James Richardson, the occupant of Apartment C of Buchanan’s building, testi *851 fied that on the evening of February 26, 2011, he observed an African American man carry a television out of his neighbor’s apartment. Richardson left his apartment to meet some friends, but grew suspicious when he saw the man sitting on the steps of his apartment building, because he knew the man was neither a tenant nor a frequent visitor. Richardson walked across the street and hid behind a truck, where he then watched the man approach Michael Gresham’s apartment, open the door, turn the outside lights off, and enter the apartment. Richardson called the police to report a burglary.
¶ 4. While on the phone with the police, Richardson testified that he observed the man walk out of the apartment carrying a television set, place the television set down next to a light pole, and then walk down the street. Officer Alex Stratton of the Oxford Police Department soon arrived on the scene, and Richardson got into the police car. They proceeded to University Avenue, where Richardson saw the man head after setting down the television. Richardson and Stratton pulled into the McAllister’s restaurant parking lot, where Richardson spotted Luster and identified him as the individual who broke into Gresham’s house. Luster was arrested and subsequently indicted for burglary of a dwelling under Mississippi Code Annotated section 97-17-23 (Rev.2006).
¶ 5. At trial, defense counsel claimed Luster’s innocence and stated Luster had been in the McAllister’s parking lot for twenty minutes talking on the phone to his girlfriend. After the trial held on July 25, 2011, a Lafayette County jury found Luster guilty of burglary of a dwelling under Mississippi Code Annotated section 97-17-23. The trial court sentenced Luster as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007) to twenty-five years in the custody of the Mississippi Department of Corrections. Luster filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict, which the trial court denied.
¶ 6. Luster appeals his conviction and sentence, claiming that the verdict was against the overwhelming weight of the evidence and that the trial court erred in sentencing him as a habitual offender.
STANDARD OF REVIEW
¶ 7. We review the denial of a post-trial motion seeking a new trial under an abuse-of-discretion standard. Dilworth v. State, 909 So.2d 731, 736 (¶ 17) (Miss.2005).
DISCUSSION
I. Weight of the Evidence
¶ 8. Luster argues that the jury verdict was against the overwhelming weight of the evidence. Luster asserts that the evidence and testimony presented at trial cannot show that he was in fact the person who committed the burglary on the night of February 26, 2011. Our supreme court has established that when reviewing whether a jury verdict is against the overwhelming weight of the evidence, an appellate court will not grant a new trial “unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice.” McLendon v. State, 945 So.2d 372, 385 (¶ 40) (Miss.2006) (citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983)). On appellate review, we weigh the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005).
¶ 9. Luster claims that Buchanan’s trial testimony, wherein she testified that on the night of the burglary, she saw an older African American man outside of the apartment building where she and Gresham both live, failed to identify Luster as that individual outside of the apartment *852 building. Luster also attacks Richardson’s testimony, claiming that although Richardson testified to witnessing an African American man remove a television from Gresham’s house, Richardson did not even see the alleged perpetrator’s face until Richardson left the building and hid behind a truck across the street. Luster asserts that at trial, Richardson could not confidently describe what the perpetrator was wearing. Luster further argues that Detective Jeff McCutchen of the Oxford Police Department testified that he attempted to lift fingerprints off of the stolen television, but that he failed to remove any identifying prints.
¶ 10. As stated, when reviewing whether a jury verdict is against the overwhelming weight of the evidence, we view the evidence in the light most favorable to the verdict. See Bush, 895 So.2d at 844 (¶ 18). We further acknowledge that in Stephens v. State, 911 So.2d 424, 436 (¶ 38) (Miss.2005), the supreme court explained that “[a]ny conflicts in the testimony of witnesses is the province of the jury.... Who the jury believes and what conclusions it reaches are solely for its determination.” (Internal citation omitted).
¶ 11. Here, the jury heard testimony from Buchanan, Richardson, Gresham, Officer Stratton, and Detective McCutchen. The jury also heard Detective McCutchen explain at trial that various factors affect the ability to pull an identifying print off of an object, including the texture of the object, a person’s hands, and even the weather conditions outside. Detective McCutchen said that when picking up a television, especially a heavy flat-screen television like the one stolen from Gresham’s apartment, a person’s hands can slide down the panel, removing any identifying fingerprints.
¶ 12. Additionally, the record reflects that Detective McCutchen testified that he interviewed Luster after his arrest. Luster’s statement to Detective McCutchen reflected Luster’s version of the events: that on February 26, 2011, he walked to McAllister’s to buy a sandwich, and had been in the parking lot for twenty minutes talking on the phone when the police arrived. However, the transcript reflects that Detective McCutchen checked the surveillance video from a nearby business, which showed the McAllister’s parking lot. The video revealed that Luster had not been in the parking lot talking on the phone prior to being apprehended. Buchanan also identified Luster’s car as the car that she had observed parked outside of her apartment complex on February 26, 2011.
¶ 13. After our review, we do not find that the verdict is against the overwhelming weight of the evidence such that to allow the verdict to stand would sanction an unconscionable injustice. See McLendon, 945 So.2d at 385 (¶ 40). We find that substantial credible evidence exists in the record to support the jury’s verdict convicting Luster of burglary of a dwelling. This issue is without merit.
II. Habitual-Offender Status
¶ 14. Luster next argues that the trial court erred in finding that he constituted a habitual offender for sentencing purposes. Luster states that before serving as the circuit court judge in this matter, Judge John Andrew Gregory served as an assistant district attorney. During his tenure as assistant district attorney, Judge Gregory signed the indictment for one of the felonies that was used in order for the State to qualify Luster as a habitual offender. Luster claims that as a result, Judge Gregory was not qualified to sit as judge in this matter. Luster relies on Banana v. State, 638 So.2d 1329 (Miss.1994), in support of his argument.
¶ 15. However, this Court has recognized that the issue in Banana was limited *853 to situations where the judge rules on a motion for post-conviction relief even though he served as a prosecutor on the very same charge the movant seeks to set aside. Id. In Ryals v. State, 914 So.2d 285, 286 (¶ 7) (Miss.Ct.App.2005), this Court stated that “[disqualification is required when a judge formerly served as a lawyer in the same case.” (Citations omitted).
¶ 16. The State argues that Luster’s previous conviction was not a matter in controversy for purposes of disqualification. The State cites to Brown v. State, 829 So.2d 93, 96-100 (¶¶ 6-14) (Miss.2002), where the supreme court held that where a judge who was once a prosecutor and who, as prosecutor, signed an indictment in a case which results in a felony conviction later used for habitual-offender sentencing, that judge is not disqualified from presiding over the habitual-offender sentencing hearing. Accordingly, we find no abuse of discretion in the circuit court’s denial of Luster’s post-trial motions.
¶ 17. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.