# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00941-COA

**DUSTIN PRICE**                                                                **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/15/2023 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | KEVIN DALE CAMP |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | VACATED AND REMANDED - 07/23/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., SMITH AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1. Hinds County Circuit Court Judge Eleanor Faye Peterson dismissed Dustin Price's motion for post-conviction relief (PCR), finding that it was time-barred and that no exception to the time-bar was applicable. The judge subsequently denied Price's motion to amend the judgment, in which he sought recusal of Judge Peterson because she was the district attorney of Hinds County when Price entered his guilty plea. In accordance with the State's confession of error, we find Judge Peterson was disqualified from ruling on Price's motion, vacate the circuit court's order, and remand for further proceedings before a qualified judge.

## FACTS AND PROCEDURAL HISTORY

¶2. On June 13, 2002, Price was indicted for statutory rape and gratification of lust with

a minor.  After plea negotiations, Price entered a guilty plea to the single charge of gratification of lust on October 22, 2002, and the trial court sentenced him to serve thirty months in the custody of the Mississippi Department of Corrections and to register as a sex offender.[1]  Price completed his sentence and is currently registered as a sex offender.

¶3.     On May 19, 2020, the victim attested in an affidavit that she never had any intimate relations with Price and that she had only met him on one occasion prior to the court proceedings.  She averred that at the time of the investigation, she "felt pressured and scared to help out the investigators, so [she] told them that [she and Price] had sex, but that was not true."  Price filed a PCR motion on May 12, 2021, claiming that this newly discovered evidence excepted his motion from the three-year time-bar under Mississippi Code Annotated section 99-39-5(2) (Rev. 2020).

¶4.     Judge Peterson dismissed the motion with prejudice on March 15, 2023, finding that the evidence presented "was available when [Price] entered a guilty plea and [that he had] waived any objections to the factual evidence and/or defects as well as his defenses."[2]  Price filed a motion for a rehearing or to alter or amend the judgment.  In his motion, Price noted

---

[1] The charge of statutory rape was nolle prosequied.

[2] Section 99-39-5(2) allows the following enumerated exceptions to the applicable three-year time bar:  (1) "an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the petitioner's] conviction or sentence"; (2) "evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence"; (3) biological evidence that "demonstrate[s] by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence"; and (4) claims the petitioner's "sentence has expired or his probation, parole or conditional release has been unlawfully revoked."  Miss. Code Ann. § 99-39-5(2).

that Judge Peterson had been the district attorney for Hinds County at the time of his indictment and plea colloquy, and he had intended to raise this issue at the hearing on the matter so that the matter of her recusal could be addressed. On August 1, 2023, Judge Peterson denied his motion and his request for her recusal, finding it "untimely, incomplete, and otherwise absent of proof of impartiality." *See* UCRCCC 1.15.

## DISCUSSION

¶5.     Price appeals the circuit court's dismissal of his motion, arguing (1) the evidence was not reasonably discoverable at the time of trial; and (2) Judge Peterson was disqualified from ruling on his motion. Because we find the second issue dispositive, we will not address the merits of the first issue.

¶6.     In deciding whether a judge should have disqualified him- or herself from hearing a case, the appellate court "uses an objective standard." *Johnson v. State*, 372 So. 3d 1072, 1083 (¶26) (Miss. Ct. App. 2023). Canon 3(E)(1)(b) of the Code of Judicial Conduct provides, "Judges should disqualify themselves in proceedings in which their impartiality might be questioned," including instances where "the judge served as lawyer in the matter in controversy." In *Overstreet v. State*, 17 So. 3d 621 (Miss. Ct. App. 2009), this Court found that where the circuit court judge had served as "one of the prosecutors" at the defendant's guilty plea hearing, that judge was "disqualified from sitting as judge in any matter which involves that conviction," including PCR matters. *Id.* at 624 (¶¶9-11) (citing *Banana v. State*, 638 So. 2d 1329, 1330-31 (Miss. 1994)). We concluded that "[b]oth due

3

process and [Mississippi Code Annotated] section 9-1-11"[3] required reversal and remand for review "by a different judge." *Id*. at (¶11).

¶7.     Although the prosecutor of record at Price's hearing was Rebecca Mansell with the Hinds County District Attorney's Office, it is conceded by the State that Judge Peterson was the district attorney for Hinds County during the pendency of this matter.  The Mississippi Supreme Court addressed this precise situation in *Banana*, 638 So. 2d at 1330-31, and held that the judge "was disqualified from ruling" on the defendant's PCR motion because he "was the district attorney at the time the criminal information against [the defendant] was filed."

¶8.     "The law of this State demands an automatic reversal of a conviction if the trial judge fails to recuse and previously participated in an adverse role in that case." *Day v. State*, 285 So. 3d 171, 176 (¶10) (Miss. Ct. App. 2019) (citing *Jenkins v. State*, 570 So. 2d 1191, 1191-93 (Miss. 1990)).  Because Judge Peterson was disqualified from ruling on Price's PCR motion, we vacate the court's judgment and remand for proceedings before a qualified judge.

¶9.     **VACATED AND REMANDED.**

      **CARLTON   AND   WILSON,   P.JJ.,   WESTBROOKS,   McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[3] Section 9-1-11 (Rev. 2019) provides that a judge "shall not preside on the trial of any cause . . . wherein he may have been of counsel, except by the consent of the judge and of the parties."