# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00951-COA

**RANDY BELL A/K/A RANDY JAMAL BELL**                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/26/2023 |
| TRIAL JUDGE: | HON. DEBRA W. BLACKWELL |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS P. WELCH JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | VACATED AND REMANDED - 09/10/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McDONALD AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     An assistant district attorney signed an indictment charging a man with attempted murder. On the morning of trial, the defendant pled guilty to the lesser-included offense of aggravated assault. The ADA was later elected circuit judge.

¶2.     While on supervised release, the man was arrested for possession of a firearm and fleeing law enforcement. He appeared before the circuit court for a revocation hearing. The circuit judge presiding over the hearing was the same ADA who previously indicted him. This circuit judge entered an order revoking his suspended sentence, resulting in his immediate incarceration.

¶3.     Through counsel, the defendant sought reconsideration of the order on the basis that

the circuit judge should have recused herself from the matter, and he further filed a motion to recuse the circuit judge. Concluding the recusal requirement did not apply to revocation proceedings, the circuit judge denied the motion.

¶4.    We conclude the circuit judge was automatically disqualified since she had previously served as the ADA for Bell's underlying conviction of aggravated assault. *See Overstreet v. State*, 17 So. 3d 621 (Miss. Ct. App. 2009). Because the judge was disqualified at the outset from presiding over this matter due to the judge's prior prosecutorial role in the underlying conviction, we vacate the revocation order and remand for a hearing by a judge who is not disqualified.

## BACKGROUND

¶5.    In September 2014, an Amite County grand jury charged Randy Bell with attempted murder. The indictment was signed by then-Assistant District Attorney Debra W. Blackwell. In October 2016, on the morning before his trial, Bell pled guilty to the lesser-included offense of aggravated assault. Bell was sentenced to the maximum penalty of 20 years in the custody of the Mississippi Department of Corrections. However, after 5 years of incarceration, he was eligible to serve the remaining 15 years on post-release supervision (PRS).

¶6.    On November 6, 2018, ADA Blackwell was elected to the position of circuit court judge for District 6, which includes Amite, Adams, Wilkinson, and Franklin Counties. Judge Blackwell continues to serve in this position today.

¶7.    In early 2023, Bell was arrested in Pike County for two felony crimes—possession of

a firearm by a felon and felony fleeing. Based on these charges, the State moved to revoke Bell's PRS. Judge Blackwell signed the arrest warrant. Bell then appeared before Judge Blackwell for his revocation hearing. Finding that Bell had violated the conditions of his PRS, Judge Blackwell revoked the suspended portion of his sentence and ordered Bell back into MDOC's custody to serve the remainder of his 15 years.

¶8. Bell subsequently retained counsel and contested the revocation through a motion for reconsideration. He also filed a motion to recuse, arguing Judge Blackwell was disqualified from presiding over his revocation proceedings since she had previously served as the ADA for his underlying conviction.

¶9. During the hearing, Bell's counsel emphasized the holding of a 2009 decision from this Court, arguing Judge Blackwell was disqualified as a matter of law and could not preside over the revocation. The State responded by attempting to distinguish the longstanding precedent.

¶10. In deliberating on the motions, Judge Blackwell confirmed she "was the prosecutor on that case, I did get the indictment, I did prosecute it all the way through the plea." Judge Blackwell concluded recusal was unnecessary since, in her view, "a motion to revoke somebody does not deal [with] the conviction." Judge Blackwell then entered an order denying the motion for reconsideration. Bell appealed, and the case was assigned to us for review.

**DISCUSSION**

¶11. Bell raises only one issue on appeal. He argues his revocation must be reversed

3

because the circuit judge was automatically disqualified from hearing this case because she previously prosecuted him in the case involving his underlying conviction. The State concedes that Judge Blackwell was disqualified as a matter of law.

¶12. "Disqualification is required where a judge *formerly served as a lawyer in the same case* except by agreement of the parties." *Overstreet v. State*, 17 So. 3d 621, 623 (¶7) (Miss. Ct. App. 2009) (emphasis added); Miss. Code Ann. § 9-1-11 (Rev. 2019); Miss. Code Jud. Conduct Canon 3(E)(1)(b). Thus, "due process *demands* disqualification when a judge previously actively served in an accusatory role in the case as a prosecutor." *Id*. (emphasis added).

¶13. This Court was recently faced with a strikingly similar scenario as this one, which involved the same circuit judge, in the same county, on the same legal issue. In that case, a defendant was indicted in Amite County on multiple counts for possession of a controlled substance with intent to sell. *White v. State*, 385 So. 3d 1266, 1267 (¶4) (Miss. Ct. App. 2024). Then-ADA Blackwell signed White's indictment and represented the State throughout his prosecution, which resulted in a guilty plea and conviction. *Id*. at (¶5). After being sentenced to serve fifty concurrent years, he was given credit for the time already served, and the balance of his sentences was suspended. *Id*. White was then released with five years of PRS. *Id*.

¶14. Three years later, White appeared before the circuit court on charges in violation of his post-release conditions. *Id*. at (¶8). Judge Blackwell signed the arrest warrant and the order revoking White's suspended sentences. *Id*. at 1269 (¶20). White contested his

4

revocation through a motion for post-conviction relief, which Judge Blackwell also denied. *Id*. at 1270 (¶24).

¶15.    On appeal, we reversed, finding these actions were prohibited not just by Judicial Canons, but longstanding precedent as well. *Id*. In *White*, we emphasized that "we *must* find disqualification of a judge if the person had participated 'in any way in the prosecution and conviction'"—a rule that has been well-settled for over three decades. *Id.* at (¶¶23-24) (emphasis added) (quoting *Banana v. State*, 638 So. 2d 1329, 1330-31 (Miss. 1994)).

¶16.    The *White* decision was built on a foundation of earlier cases that uniformly follow this crucial rule. *See Overstreet*, 17 So. 3d at 621 (¶1). In one case, a former ADA was elected circuit judge, but later reviewed and denied a PCR motion from a defendant the judge previously prosecuted. *Id*. at 623 (¶3). This Court reversed, making clear the law "requires that the functions of the prosecutor and the judge *be performed by different parties*." *Id.* at (¶10) (emphasis added). This is because "[t]he functions of a zealous advocate and a neutral adjudicator *inherently contradict* one another." *Id*. (emphasis added).

¶17.    *Overstreet*, in turn, relied on the Mississippi Supreme Court's decision in *Banana*, 638 So. 2d at 1330 (¶1). Just as in *White* and *Overstreet*, a former ADA was elected circuit judge and ruled on a PCR motion from someone he previously prosecuted as ADA. *Id.* Our Supreme Court reversed, making clear that "[w]here one actively engages in any way in the prosecution and conviction of one accused of a crime, he is disqualified from sitting as a judge in *any matter which involves that conviction*." *Id*. (emphasis added).

¶18.    The *Banana* decision relied on *Jenkins*, where the Mississippi Supreme Court

5

condemned "*any practice* whereby the accuser may also be the trier of fact." *Jenkins v. State*, 570 So. 2d 1191, 1192 (Miss. 1990) (emphasis added). Similar to *White*, *Banana*, and *Overstreet*, in *Jenkins* a specially appointed judge presided over the trial of someone he prosecuted as the county attorney. *Id*. at 1191. The defendant "properly objected to the presence" of the judge at the start of trial. *Id*. at 1193. Nevertheless, the circuit judge presided over the matter. *Id*. at 1191. Our Supreme Court reversed, as "no person can be considered to be impartial while that person is also acting as a partisan." *Id*. at 1193. For a reasonable person "would certainly question [the] impartiality" of a circuit judge who acted as a prosecutor during the defendant's indictment. *Id*. Our Court has made clear these functions must remain separate as to ensure an "independent, fair and competent judiciary[.]" Miss. Code of Jud. Conduct, *Preamble*.[1]

¶19. Likewise, earlier this year we vacated an order denying a PCR and remanded when a former elected district attorney presided over the claim for post-conviction relief around 20 years after the guilty plea. *Price v. State*, No. 2023-CA-00941-COA, 2024 WL 3506158, at *1 (¶¶1-2) (Miss. Ct. App. July 23, 2024). We applied an objective standard in reviewing the case. *Id*. at *2 (¶6). In reversing, we emphasized that due process warranted this result. *Id*. For "[t]he law of this State demands an *automatic reversal* of a conviction if the trial

---

[1] While the thoughtful separate opinion by Chief Judge Barnes would dismiss for want of jurisdiction, our Code of Judicial Conduct mandates all judges "individually and collectively . . . respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system." Miss. Code of Jud. Conduct, *Preamble*.

Furthermore, our Rules of Appellate Procedure expressly allow us to consider issues in the interest of justice. More specifically, for "good cause shown . . . the Court of Appeals may suspend the requirements or provisions of any of these rules in a particular case . . . on its own motion and . . . order proceedings in accordance with its direction." MRAP 2(c).

judge fails to recuse and previously participated" in a prosecutorial role. *Id.* (emphasis added) (quoting *Day v. State*, 285 So. 3d 171, 176 (¶10) (Miss. Ct. App. 2019)).[2]

¶20. Just as Judge Blackwell did in *White*, here "[t]here is no dispute that she actively participated in [Bell's] prosecution." *White*, 385 So. 3d at 1270 (¶24). In the hearing on the motion to recuse and reconsider, Judge Blackwell acknowledged her role as a prosecutor in Bell's underlying conviction. She "was the prosecutor on [Bell's] case" and said, "I did get the indictment, I did prosecute it all the way through the plea." Accordingly, Judge Blackwell was automatically disqualified from presiding over the State's motion to revoke Bell's PRS.

¶21. Our precedent emphasizes a judge's automatic disqualification from any matter where they actively participated in any way in the underlying prosecution. *White*, *Overstreet*, *Banana*, *Jenkins*, and *Price* make crystal clear a judge is automatically disqualified from ruling on a motion in which he or she was also the district attorney who signed the underlying indictment. These decisions reach the same conclusion time and again. A judge is automatically disqualified from engaging in *any matter* that involves the convictions of someone the judge previously participated in *any way* in prosecuting. As we recently re-affirmed in *White*, our judiciary is "oathbound to safeguard the integrity of the Judiciary and,

---

[2] Cases from other jurisdictions addressing this issue have not only concluded that automatic reversal is warranted but that any actions taken by a disqualified judge are void. *See Rivers v. Cox-Rivers*, 788 A.2d 320, 322 (N.J. App. Div. 2002) ("[W]here a judge has previously represented one of the parties in a matter before him against the other, any judicial action taken is a nullity," and "[t]hat result is required" to safeguard the judicial process); *Ex Parte Sinegar*, 2011 WL 4067402, at *1 (Tex. Crim. App. Sept. 14, 2011) (unpublished) ("[I]f a judge disqualified by law renders a judgment, that judgment is null and void").

in turn, our system of laws in Mississippi." *Id*. at 1271 (¶25).

¶22. We must address one final matter. Before filing its responsive brief, the State filed a motion to dismiss, arguing Bell was attempting to directly appeal an interlocutory decision. The Supreme Court passed the consideration of the motion to be determined with the merits.

¶23. In general, "an order revoking probation and suspension of [a] sentence is not appealable." *Beasley v. State*, 795 So. 2d 539, 541 (¶9) (Miss. 2001). This rule is based upon the concept "that appeals to the Supreme Court are not matters of right under the common law, but are allowable only in the cases and in the manner provided by statute." *Cooper v. State*, 175 Miss. 718, 168 So. 53, 53 (1936). *Cooper* reasoned that a revocation proceeding essentially derives from a guilty plea, and because state law expressly barred the attempt to appeal a guilty plea, the Supreme Court would not entertain the appeal. *Id*.; *see* Miss. Code Ann. § 99-35-101 (Rev. 2020) ("[W]here the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed").[3]

¶24. The core issue raised in Bell's appeal is that Judge Blackwell was automatically disqualified from presiding over his revocation hearing. Bell pointedly does not challenge the merits of his revocation and, indeed, cites only one case to further his argument the trial court was disqualified—that being this Court's decision in *Overstreet*. In accord with *Price* and *Day*, we hold that since "[t]he law of this State demands an automatic reversal of a

---

[3] The formal route to challenge an unlawful revocation is via PCR. *See* Miss. Code Ann. § 99-39-5(1) (Rev. 2020); *Vlasak v. State*, 378 So. 3d 465, 466 (¶3) (Miss. Ct. App. 2024) (finding a defendant could not directly appeal a revocation but "remains free to raise any post-conviction claims in a properly filed motion for post-conviction collateral relief").

conviction if the trial judge fails to recuse and previously participated in an adverse role in that case," the same is true when a trial court judge improperly presides over revocation proceedings in which he or she is disqualified. *See Day*, 285 So. 3d at 176 (¶10).

¶25. Furthermore, the process of the hearing below is properly before us, as "due process *demands* disqualification when a judge previously actively served in an accusatory role in the case as a prosecutor." *Overstreet*, 17 So. 3d at 623 (¶7). In line with ample precedent, we void the revocation of Bell's suspended sentence and remand for consideration of the issue by a judge who is not disqualified.

**CONCLUSION**

¶26. Our precedent is clear that Judge Blackwell is disqualified from presiding over any case in which she actively participated in any way in the conviction of the individual. Pursuant to *White*, *Overstreet*, *Banana*, *Jenkins*, and *Price*, Judge Blackwell is "automatically disqualified." We vacate the rulings below and remand for a new revocation hearing by a different circuit judge who is not disqualified.

¶27. **VACATED AND REMANDED.**

**CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. BARNES, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WILSON, P.J.**

**BARNES, C.J., DISSENTING:**

¶28. Acknowledging that an order revoking probation is not an appealable order, *see Rudd v. State*, 303 So. 3d 841, 843 (¶14) (Miss. Ct. App. 2020) (citing *Payne v. State*, 966 So. 2d 1266, 1269 (¶10) (Miss. Ct. App. 2007)); *Thomas v. State*, 845 So. 2d 751, 754 (¶19) (Miss.

9

Ct. App. 2003), the majority reasons that Judge Blackwell's automatic disqualification "void[s] the revocation of Bell's suspended sentence," and this Court must therefore vacate the judgment. I disagree. As we concluded in *Rudd*,

> [a]lthough we are reluctant to dismiss a proceeding because one seeks the wrong remedy; and a mere misnomer of the procedure should ordinarily not result in a dismissal, the attempt to appeal an unappealable order is a total departure from the orderly administration of justice and cannot and should not be approved.

*Rudd*, 303 So. 3d at 843 (¶15) (quotation marks omitted) (quoting *Swift v. State*, 952 So. 2d 1039, 1040 (¶4) (Miss. Ct. App. 2007)). Therefore, this Court should dismiss Bell's appeal for lack of jurisdiction and allow Bell to pursue a remedy under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA).[4] *Rudd*, 303 So. 3d at 843 (¶14); *see also Pipkin v. State*, 292 So. 2d 181, 182 (Miss. 1974) (dismissing defendant's appeal from an order of revocation, noting that "[h]abeas corpus is the proper remedy"). For this reason, the denial of Bell's motion to reconsider is likewise not appealable. *See Rudd*, 303 So. 3d at 844 (¶14) (citing *Massingille v. State*, 878 So. 2d 252, 254 (¶7) (Miss. Ct. App. 2004)).

¶29. Even if we were to consider only Bell's appeal of the court's denial of his motion to recuse (attached to his motion to reconsider), this Court has held that "the denial of a recusal motion also is not a final judgment." *Patriot Prod. Grp. LLC v. Livingston Operating Co.*, 309 So. 3d 489, 493 (¶16) (Miss. Ct. App. 2019). Furthermore, although Mississippi Rule of Appellate Procedure 48B permits interlocutory review of a recusal motion, Bell did not

---

[4] Mississippi Code Annotated section 99-39-5(1)(h) (Rev. 2020) provides that a petitioner "may file a motion to vacate, set aside or correct the judgment or sentence . . . if the person claims" that his probation has been "unlawfully revoked."

"seek review of the judge's action" with the Mississippi Supreme Court, as required under that rule. *See Crawford v. Richmond*, 337 So. 3d 1164, 1174 (¶40) (Miss. Ct. App. 2022) (holding that the failure to comply with the procedural requirements of Rule 48B "require[d] this Court to dismiss her appeal . . . for lack of jurisdiction" (citing M.R.A.P. 48B)).

¶30.    "Where a defendant 'attempts to appeal an unappealable order,' we will dismiss his appeal without prejudice." *Rudd*, 303 So. 3d at 844 (¶15) (quoting *Swift*, 952 So. 2d at 1040 (¶4)). Because the Court does not have jurisdiction to consider Bell's appeal of the order of revocation and the subsequent motion for reconsideration, I would dismiss the appeal without prejudice to his right to pursue a remedy under the UPCCRA. Should Bell do so, the matter should then be heard before a qualified judge. *See White v. State*, 385 So. 3d 1266, 1270 (¶24) (Miss. Ct. App. 2024) (holding that a trial judge's active participation as the prosecutor in the defendant's trial automatically disqualified her from ruling on the State's motion for revocation of his probation and his subsequent PCR motion); *see also Overstreet v. State*, 17 So. 3d 621, 623 (¶7) (Miss. Ct. App. 2009) ("[D]ue process demands disqualification when a judge previously actively served in an accusatory role in the case as a prosecutor.").

    **WILSON, P.J., JOINS THIS OPINION.**